**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Frederick's of Hollywood, Inc., | : | Case No. 15-_____ (___) |
| Debtor. | : | |
| Tax I.D. No. 95-2666265 | : | |
| In re: | : | Chapter 11 |
| FOHG Holdings, LLC, | : | Case No. 15-_____(___) |
| Debtor. | : | |
| Tax I.D. No. 46-4237902 | : | |
| In re: | : | Chapter 11 |
| Frederick's of Hollywood Group Inc., | : | Case No. 15-_____ (___) |
| Debtor. | : | |
| Tax I.D. No. 13-2643042 | : | |
| In re: | : | Chapter 11 |
| FOH Holdings, Inc., | : | Case No. 15-_____ (___) |
| Debtor. | : | |
| Tax I.D. No. 36-4155442 | : | |
| In re: | : | Chapter 11 |
| Frederick's of Hollywood Stores, Inc., | : | Case No. 15-_____ (___) |
| Debtor. | : | |
| Tax I.D. No. 95-4698882 | : | |

| | | |
|---|---|---|
| ---------------------------------------------------------- | X | |
| In re: | : | Chapter 11 |
| | : | |
| Hollywood Mail Order, LLC | : | Case No. 15-_____(___) |
| | : | |
| Debtor., | : | |
| | : | |
| Tax I.D. No. 95-4755205 | : | |
| ---------------------------------------------------------- | X | |

### DEBTORS' MOTION FOR ENTRY OF ORDER DIRECTING PROCEDURAL CONSOLIDATION AND JOINT ADMINISTRATION OF CHAPTER 11 CASES

Frederick's of Hollywood, Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") hereby file this motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1015-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form attached hereto as **Exhibit A**, (i) directing the procedural consolidation and joint administration of these chapter 11 cases, and (ii) granting certain related relief, as described more fully herein. In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. This court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.  On April 19, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these chapter 11 cases. The Debtors' request for joint administration of these chapter 11 cases for procedural purposes only is currently pending.

4.  Tracing their origins to 1946, the Debtors sell high quality women's apparel and related products under their proprietary Frederick's of Hollywood® brand. Since their inception, the Debtors have remained a market leader and innovator in the female fashion and lingerie industry. The Debtors' major merchandise categories are foundations (including various types of undergarments), lingerie (including daywear and sleepwear), ready-to-wear (dresses and sportswear, including denim), and fragrance and accessories (including shoes, handbags, jewelry, personal care products, and novelties). At their height, the Debtors operated over 200 retail stores across the United States, as well as maintained a robust mail catalog and an e-commerce business through their website at www.fredericks.com.

5.  The Debtors were compelled to commence these chapter 11 cases amidst a sustained decline in operating revenue attributable to increased competition from other apparel retailers and brands, decreased foot traffic in shopping malls, and weak discretionary spending by target consumers due to the recent economic downturn. This confluence of factors, together with the rising cost of wholesale inventory and onerous real property lease terms, ultimately resulted in the cessation of the Debtors' retail store operations prior to the Petition Date.

6.  Through these chapter 11 cases, the Debtors seek to effectuate a sale of their e-commerce business – including their intellectual property and remaining inventory – pursuant to

a competitive bidding process that will maximize value for their stakeholders and inure to the benefit of all parties in interest.

7.      Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the Declaration of William Soncini in Support of Chapter 11 Petitions and First Day Pleadings of Frederick's of Hollywood, Inc. and its Affiliated Debtors and Debtors in Possession (the "First Day Declaration"), which is being filed contemporaneously herewith and is incorporated by reference herein.

## Relief Requested

8.      The Debtors seek entry of an order, pursuant to section 105(a) of the Bankruptcy Code, rule 1015(b) of the Bankruptcy Rules, and rules 1015-1 and 9013-1(m) of the Local Rules, substantially in the form attached hereto as **Exhibit A**, (i) directing the procedural consolidation and joint administration of these chapter 11 cases, and (ii) granting certain related relief.

9.      Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the lead case of Frederick's of Hollywood, Inc., and that each of the Debtors' chapter 11 cases be administered under a consolidated caption, in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------------- x
                                                            :
In re:                                                      :    Chapter 11
                                                            :
FREDERICK'S OF HOLLYWOOD, INC., et al.,[1]                  :    Case No. 15-_____ (__)
                                                            :
                                                            :
                        Debtors.                            :    (Jointly Administered)
----------------------------------------------------------- x
```

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's taxpayer identification number are as follows: (i) FOHG Holdings, LLC (7902); (ii) Frederick's of Hollywood Group Inc. (3042); (iii) FOH Holdings, Inc. (5442); (iv) Frederick's of Hollywood, Inc. (6265); (v) Frederick's of Hollywood Stores, Inc. (8882); and (vi) Hollywood Mail Order, LLC (5205). The debtors' principal offices are located at 6464 W. Sunset Blvd., Suite 1150, Los Angeles, CA 90028.

10. The Debtors further request that the Court determine that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

11. The Debtors also request that an entry, substantially similar to the following, be entered on the docket of each of the Debtors' chapter 11 cases, other than the chapter 11 case of Frederick's of Hollywood, Inc., to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: FOHG Holdings, LLC, Case No. 15-_____; Frederick's of Hollywood Group Inc., Case No. 15-_____; FOH Holdings, Inc., 15-_____; Frederick's of Hollywood, Inc., Case No. 15-_____; Frederick's of Hollywood Stores, Inc., Case No. 15-_____; and Hollywood Mail Order, LLC, Case No. 15-_____. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 15-____(___).

### Basis For Relief

12. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The six Debtors that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the

4

Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

13. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

14. Courts in this District routinely order joint administration in cases with multiple related debtors. See, e.g., In re RadioShack Corporation, No. 15-10197 (BLS) (Bankr. D. Del. Feb. 6, 2015) (directing joint administration of chapter 11 cases); In re MACH Gen LLC, No. 14-10461 (MFW) (Bankr. D. Del. Mar. 5, 2014) (same); In re Maxcom Telecomunicaciones, S.A.B. de C.V., No. 13-11839 (PJW) (Bankr. D. Del. July 25, 2013) (same); In re Dex One Corp., No. 13-10533 (KG) (Bankr. D. Del. Mar. 19, 2013) (same); In re Conexant Sys., Inc., No. 13-10367 (MFW) (Bankr. D. Del. Mar. 1, 2013) (same); In re ICL Holding Co. (f/k/a LCI Holding Co.), No. 12-13319 (KG) (Bankr. D. Del. Dec. 13, 2012) (same); In re CHL, Ltd., No. 12-12437 (KJC) (Bankr. D. Del. Aug. 31, 2012) (same).

15. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor. The entry of an order directing the joint administration

of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

16. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' respective estates. Parties in interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions associated with joint administration. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

## Notice

17. The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims on a consolidated basis; (iii) counsel to Salus Capital Partners, LLC, in its capacity as the administrative and collateral agent under the Debtors' prepetition credit facility and in its capacity as the administrative and collateral agent under the Debtors' proposed debtor-in-possession financing facility; (iv) any banking or financial institution that holds the Debtors' accounts; and (v) all parties entitled to notice pursuant to Local Rule 9013-1(m). As this Motion is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) directing the procedural consolidation and joint administration of these chapter 11 cases, and (ii) granting such further relief as may be appropriate and proper.

Dated: April 20, 2015
Wilmington, Delaware

Respectfully submitted,

**RICHARDS, LAYTON & FINGER, P.A.**

/s/ Russell C. Silberglied
Russell C. Silberglied (No. 3462)
Zachary I. Shapiro (No. 5103)
Joseph C. Barsalona II (No. 6102)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email:  silberglied@rlf.com
  shapiro@rlf.com
  barsalona@rlf.com

-and-

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**
Tyson M. Lomazow (*pro hac vice* admission pending)
Matthew Brod (*pro hac vice* admission pending)
One Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
Email:  tlomazow@milbank.com
  mbrod@milbank.com

*Proposed Counsel to Debtors and Debtors in Possession*