## EXHIBIT A

**Proposed Form of Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ------------------------------------------------------------ x | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| FREDERICK'S OF HOLLYWOOD, INC., *et al.*,[1] | : | Case No. 15-_____ (__) |
|  | : |  |
|  | : |  |
| Debtors. | : | (Joint Administration Requested) |
| ------------------------------------------------------------ x |  |  |

## ORDER AUTHORIZING EMPLOYMENT AND
## RETENTION OF KCC LLC AS CLAIMS AND NOTICING AGENT,
## EFFECTIVE *NUNC PRO TUNC* TO PETITION DATE

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an Order: authorizing the employment and retention of Kurtzman Carson Consultants LLC ("KCC") as the Claims and Noticing Agent in the Debtors' chapter 11 cases, effective *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and the Debtors having estimated that there are in excess of 200 creditors in these cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, creditors, and other parties in interest; and the Court having

---

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's taxpayer identification number are as follows: (i) FOHG Holdings, LLC (7902); (ii) Frederick's of Hollywood Group Inc. (3042); (iii) FOH Holdings, Inc. (5442); (iv) Frederick's of Hollywood, Inc. (6265); (v) Frederick's of Hollywood Stores, Inc. (8882); and (vi) Hollywood Mail Order, LLC (5205). The debtors' principal offices are located at 6464 W. Sunset Blvd., Suite 1150, Los Angeles, CA 90028.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

found that the Debtors' notice of and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

3. The Debtors are authorized to employ and retain KCC as the Claims and Noticing Agent, effective *nunc pro tunc* to the Petition Date, under the terms of the Engagement Agreement, and KCC is authorized and directed to perform the Claims and Noticing Services, and all related tasks as described in the Application.

4. KCC shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. KCC is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. KCC is authorized to take such other action to comply with all duties set forth in the Application.

7. The Debtors are authorized to compensate KCC in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by KCC and the rates charged for each, and to reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8. KCC shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Office of the U.S. Trustee, the Debtors, counsel to the agent for the Debtors' prepetition credit facility and proposed debtor-in-possession financing facility, counsel for any official committee monitoring the expenses of the Debtors and any party in interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Engagement Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the undisputed fees and expenses of KCC under the Engagement Agreement as approved by this Order shall be an administrative expense of the Debtors' estates.

11. KCC may apply its retainer to all services rendered prepetition and KCC may hold its retainer under the Engagement Agreement during the chapter 11 cases as security for the payment of fees and expenses under the Engagement Agreement.

12. The Debtors shall indemnify KCC under the terms of the Engagement Agreement, as modified by this Order.

13. KCC shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

14. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KCC's gross negligence, willful misconduct or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.), 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreement as modified by this Order.

15. If, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal); or (ii) the entry of an order closing these cases, KCC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement as modified by this Order, including without limitation the advancement of defense costs, KCC must file a motion therefor with the Court, and the Debtors may not pay any such amounts to KCC before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under

which the Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, contribution, or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify KCC. All parties in interest shall retain the right to object to any demand by KCC for indemnification, contribution, or reimbursement.

16. In the event that KCC is unable to provide the services set out in this Order, KCC will immediately notify the Clerk and the Debtors' counsel and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' counsel.

17. KCC shall not cease providing claims processing services during these cases for any reason, including nonpayment, without prior order of the Court.

18. After entry of an order terminating KCC's services, upon the closing of these cases, or for any other reason, KCC shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and shall be compensated by the Debtors in connection therewith.

19. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, this Order shall govern.

20. The Debtors and KCC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and Engagement Agreement.

21. Notwithstanding any provision in the Engagement Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2015
Wilmington, Delaware

                                                _____
                                                United States Bankruptcy Judge