**EXHIBIT B**

**Gershbein Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
FREDERICK'S OF HOLLYWOOD, INC., *et al.*,[1]                     :    Case No. 15-_____ (__)
                                                                 :
                                                                 :
                                        Debtors.                 :    (Joint Administration Requested)
---------------------------------------------------------------- x

**DECLARATION OF EVAN GERSHBEIN IN SUPPORT OF DEBTORS'
APPLICATION FOR ENTRY OF ORDER AUTHORIZING EMPLOYMENT AND
RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS AND
NOTICING AGENT, EFFECTIVE *NUNC PRO TUNC* TO PETITION DATE**

I, Evan Gershbein, hereby declare, under penalty of perjury, as follows:

1.   I am the Senior Vice President of Corporate Restructuring Service at Kurtzman Carson Consultants LLC ("KCC"), whose offices are located at 2335 Alaska Avenue, El Segundo, CA 90245. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.   This declaration (the "Declaration") is made in support of the application (the "Application")[2] of the above-captioned debtors and debtors in-possession (collectively, the "Debtors") seeking authorization for the retention and employment of KCC as Claims and Noticing Agent, to which this Declaration is attached as an exhibit.

3.   KCC is one of the country's leading chapter 11 administrators, with expertise in noticing and claims processing. KCC has substantial experience and has provided services

---

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's taxpayer identification number are as follows: (i) FOHG Holdings, LLC (7902); (ii) Frederick's of Hollywood Group Inc. (3042); (iii) FOH Holdings, Inc. (5442); (iv) Frederick's of Hollywood, Inc. (6265); (v) Frederick's of Hollywood Stores, Inc. (8882); and (vi) Hollywood Mail Order, LLC (5205). The debtors' principal offices are located at 6464 W. Sunset Blvd., Suite 1150, Los Angeles, CA 90028.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

substantially similar to the Claims and Noticing Services to other chapter 11 debtors in the District of Delaware.  <u>See</u>, <u>e.g.</u>, <u>In re Endeavour Operating Corporation</u>, No. 14-12308 (Bankr. D. Del. Oct. 15, 2014); <u>In re FCC Holdings</u>, No. 14-11987 (Bankr. D. Del. Aug. 27, 2014); <u>In re Source Home Ent'mt, LLC</u>, No. 14-11553 (Bankr. D. Del. Jun. 23, 2014); <u>In re Brookstone Holdings Corp.</u>, No. 14-10752 (Bankr. D. Del. Apr. 3, 2014); <u>In re Physiotherapy Holdings, Inc.</u>, No. 13-12965 (Bankr. D. Del. Nov. 12, 2013); <u>In re Global Aviation Holdings Inc.</u>, No. 13-12945 (Bankr. D. Del. Nov. 12, 2013); <u>In re OnCure Holdings, Inc.</u>, No. 13-11540 (Bankr. D. Del. Jun. 14, 2013); <u>In re Synagro Tech., Inc.</u>, No. 13-11041 (Bankr. D. Del. Apr. 24, 2013); <u>In re The Dolan Co.</u>, No. 14-10614 (Bankr. D. Del. Mar. 23, 2014); <u>In re Ormet Corp.</u>, No. 13-10334 (Bankr. D. Del. Feb. 25, 2013); <u>In re Penson Worldwide, Inc.</u>, No. 13-10061 (Bankr. D. Del. Jan. 11, 2013).

4. The Debtors have carefully selected KCC to serve as their Claims and Noticing Agent for the Debtors' estates, as set forth in more detail in the Application.  To the best of my knowledge, neither KCC, nor any of its professional personnel, have any relationship with the Debtors that would impair KCC's ability to serve as the Claims and Noticing Agent in these cases.

5. The Debtors have many creditors, and accordingly, KCC may have rendered and may continue to render services to certain of these creditors in matters unrelated to these cases, either as vendors or in cases where KCC serves in a neutral capacity as a bankruptcy claims and noticing agent or class action settlement administrator.  KCC has not and will not represent the separate interests of any such creditor in these cases.  To the best of my knowledge, neither KCC, nor any of its professional personnel, have any relationship with the Debtors that would impair KCC's ability to serve as Claims and Noticing Agent. KCC has working relationships

2

with certain of the professionals retained by the Debtors and other parties herein, but such relationships are completely unrelated to the Debtors' cases. In addition, KCC personnel may have relationships with some of the Debtors' creditors. Such relationships are, however, of a personal financial nature and are wholly unrelated to the Debtors' cases. KCC has and will continue to represent clients in matters unrelated to the Debtors' cases and has had and will continue to have relationships in the ordinary course of its business with certain vendors and professionals in connection with matters unrelated to these cases.

6. KCC is an indirect subsidiary of Computershare Limited. Computershare Limited is a financial services and technologies provider for the global securities industry. Within the Computershare corporate structure, KCC operates as a separate, segregated business unit. As such, any relationships that Computershare Limited and its affiliates maintain do not create an interest of KCC that would be materially adverse to the Debtors' estates or any class of creditors or equity security holders.

7. KCC is a "disinterested person," within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that KCC (i) holds no interest adverse to the Debtors or their estates and (ii) other than the services currently being provided for the Debtors, KCC has no connection with the Debtors, their creditors, the U.S. Trustee or other parties in interest in these chapter 11 cases. Moreover, KCC or its professional personnel (i) are not creditors, equity security holders or insiders of the Debtors, (ii) are not and were not, within two (2) years before the date of the filing of these chapter 11 cases, directors, officers or employees of the Debtors, and (iii) do not have an interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

8. KCC has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, these chapter 11 cases. If KCC's proposed retention and employment is approved by this Court, KCC will not accept any engagement or perform any service for any entity or person other than the Debtors in these chapter 11 cases. KCC may, however, provide services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

9. Moreover, KCC represents, among other things, that:

   i. KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

   ii. by accepting employment in these chapter 11 cases, KCC waives any rights to receive compensation from the United States government in connection with these chapter 11 cases; and

   iii. in its capacity as the Claims and Noticing Agent in these chapter 11 cases, KCC will not be an agent of the United States and will not act on behalf of the United States.

10. Subject to the Court's approval, the Debtors have agreed to compensate KCC for certain services rendered in connection with these chapter 11 cases pursuant to the Engagement Agreement, a true and correct copy of which is attached as **Exhibit C** to the Application.

11. KCC understands that, solely with respect to the Claims and Noticing Services provided pursuant to the Application, the Debtors will compensate KCC in accordance with the terms of the pricing schedule and upon the receipt of reasonably detailed invoices setting forth the services provided by KCC and the rates charged for each, and will reimburse KCC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for KCC to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses. With respect to

such services, KCC will maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and will serve monthly invoices on the Debtors, the U.S. Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party in interest who specifically requests service of the monthly invoices.

12. KCC has received a retainer in the amount of $30,000 from the Debtors. KCC will hold the retainer under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred pursuant to the Engagement Agreement. Following termination of the Engagement Agreement, KCC will return to the Debtors any amount of the retainer that remains.

13. KCC will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C § 156(c).

14. KCC will comply with any request of the Clerk of Court.

Executed on April 20, 2015

                                        /s/ Evan Gershbein
                                        Evan Gershbein
                                        Senior Vice President of Corporate Restructuring Services
                                        Kurtzman Carson Consultants LLC