## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
              :
In re:                       :       Chapter 11
              :
FREDERICK'S OF HOLLYWOOD, INC., *et al.*,[1]  :       Case No. 15-_____ (__)
              :
              :
         Debtors.         :       (Joint Administration Requested)
------------------------------------------------------------- x

### DEBTORS' MOTION FOR ENTRY OF ORDER (I) AUTHORIZING DEBTORS TO REMIT AND PAY CERTAIN PREPETITION TAXES, GOVERNMENTAL ASSESSMENTS, AND FEES, AND (II) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS RELATING TO THE FOREGOING

Frederick's of Hollywood, Inc. and its affiliated debtors and debtors in possession (each,

a "Debtor" and, collectively, the "Debtors") hereby file this motion (the "Motion") seeking entry

of an order, pursuant to sections 363(b), 507(a)(8), and 1129 of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 6003 and 6004 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(m) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules"), substantially in the form attached hereto as **Exhibit A**,

(i) authorizing the Debtors, in their sole discretion, to remit and pay certain prepetition taxes,

governmental assessments, and fees, (ii) authorizing banks and other financial institutions to

receive, process, honor, and pay all checks and electronic payment requests relating to the

---

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's taxpayer identification number are as follows: (i) FOHG Holdings, LLC (7902); (ii) Frederick's of Hollywood Group Inc. (3042); (iii) FOH Holdings, Inc. (5442); (iv) Frederick's of Hollywood, Inc. (6265); (v) Frederick's of Hollywood Stores, Inc. (8882); and (vi) Hollywood Mail Order, LLC (5205). The debtors' principal offices are located at 6464 W. Sunset Blvd., Suite 1150, Los Angeles, CA 90028.

foregoing, and (iii) granting certain related relief, as described more fully herein.  In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1.    This court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.    On April 19, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these chapter 11 cases.  The Debtors' request for joint administration of these chapter 11 cases for procedural purposes only is currently pending.

4.    Tracing their origins to 1946, the Debtors sell high quality women's apparel and related products under their proprietary Frederick's of Hollywood® brand.  Since their inception, the Debtors have remained a market leader and innovator in the female fashion and lingerie industry.  The Debtors' major merchandise categories are foundations (including various types of undergarments), lingerie (including daywear and sleepwear), ready-to-wear (dresses and sportswear, including denim), and fragrance and accessories (including shoes, handbags, jewelry, personal care products, and novelties).  At their height, the Debtors operated over 200 retail stores across the United States, as well as maintained a robust mail catalog and an e-commerce business through their website at www.fredericks.com.

5.      The Debtors were compelled to commence these chapter 11 cases amidst a sustained decline in operating revenue attributable to increased competition from other apparel retailers and brands, decreased foot traffic in shopping malls, and weak discretionary spending by target consumers due to the recent economic downturn.  This confluence of factors, together with the rising cost of wholesale inventory and onerous real property lease terms, ultimately resulted in the cessation of the Debtors' retail store operations prior to the Petition Date.

6.      Through these chapter 11 cases, the Debtors seek to effectuate a sale of their e-commerce business – including their intellectual property and remaining inventory – pursuant to a competitive bidding process that will maximize value for their stakeholders and inure to the benefit of all parties in interest.

7.      Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the Declaration of William Soncini in Support of Chapter 11 Petitions and First Day Pleadings of Frederick's of Hollywood, Inc. and its Affiliated Debtors and Debtors in Possession (the "First Day Declaration"), which is being filed contemporaneously herewith and is incorporated by reference herein.

## Taxes and Fees

8.      In the ordinary course of business, the Debtors incur personal property taxes, sales and use taxes, and other taxes, fees, and charges as described in this Motion (collectively, the "Taxes and Fees").  The Debtors remit the Taxes and Fees to various federal, state, and local governments and agencies, including taxing and licensing authorities (collectively, the "Governmental Authorities").  Taxes and Fees are remitted and paid by the Debtors through checks and electronic transfers that are processed through their banks and other financial institutions.  The Debtors estimate that approximately $711,025 in aggregate Taxes and Fees will

become payable in the ordinary course of business after the Petition Date to the Governmental Authorities.

**I.       State Sales and Use Taxes**

9.       The Debtors also incur state and local taxes imposed on the sale of certain goods and services and various other state or local taxes, charges, fines, penalties, and fees, including, without limitation, any amounts required to be incurred, or collected pursuant to applicable law (collectively, the "Sales and Use Taxes").  The Debtors estimate that approximately $550,000 in Sales and Use Taxes will be payable following the Petition Date.  Of that amount, approximately $347,000 will become payable within the first 21 days of these chapter 11 cases.

**II.      Property Taxes**

10.      The Debtors incur personal property taxes in the operation of their business (the "Property Taxes").[2]  The Debtors pay personal property taxes on, among other things, the fixed assets and inventory they own, including store merchandise, goods, and other products.  The Debtors estimate that approximately $123,000 in Property Taxes will be payable following the Petition Date.

**III.     Miscellaneous Taxes and Fees**

11.      Various state and local laws may require the Debtors to pay taxes and fees in the ordinary course of their operations, including income tax and state franchise taxes and license fees (the "Miscellaneous Taxes and Fees").  The Debtors estimate that approximately $38,025 in such Miscellaneous Taxes and Fees will be payable following the Petition Date.[3]

---

[2]      The Debtors do not own any real property and therefore do not pay any real property taxes.

[3]      Of the $38,025, approximately $14,000 will become payable for income taxes only.

**Relief Requested**

12.     The Debtors seek entry of an order, pursuant to sections 363(b), 507(a)(8), and 1129 of the Bankruptcy Code, rules 6003 and 6004 of the Bankruptcy Rules, and rule 9013-1(m) of the Local Rules, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors, in their sole discretion, to remit and pay prepetition Taxes and Fees, (ii) authorizing requiring banks and other financial institutions to receive, process, honor, and pay all checks and electronic payment requests in respect of the Taxes and Fees, and (iii) granting certain related relief.

**Basis for Relief**

**I.      Certain Taxes and Fees May Be Secured or Priority Claims That Must Be Paid In Full Under Confirmable Plan Pursuant to Bankruptcy Code**

13.     Claims for certain of the Taxes and Fees are or may be priority claims entitled to payment before general unsecured claims pursuant to the Bankruptcy Code.  See 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment).   As a result, authorizing current payment of such claims only affects the timing of the payment and will not prejudice the rights and recoveries of any junior creditors.

14.     Indeed, the Debtors' estates will benefit from payment of unpaid tax claims that are entitled to priority treatment under the Bankruptcy Code in order to prevent the respective Governmental Authorities from assessing interest and penalties that may be associated with any delay in payment.  See 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Claims that are entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the

Bankruptcy Code.   Therefore, payment of certain of the Taxes and Fees will assure that additional priority claims are not created to the detriment of the Debtors' estates.

## II.     Payment of Taxes and Fees as Provided Herein Is Appropriate Exercise of Business Judgment

15.     The Court may also authorize the Debtors to pay the Taxes and Fees pursuant to section 363(b)(1) of the Bankruptcy Code, which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ."  11 U.S.C. § 363(b)(1).  Under this section, a court may authorize a debtor to pay certain prepetition claims.  See In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming lower court order authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy Code).  To do so, courts require that the debtor "show that a sound business purpose justifies such actions."   Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 242 B.R. 147, 153 (D. Del. 1999) (citations omitted); see also In re Phoenix Steel Corp., 82 B.R. 334, 335-36 (Bankr. D. Del. 1987).  Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  Comm. of Asbestos-Related Litigs. v. Johns Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); see also Stanziale v. Nachtomi (In re Tower Air, Inc.), 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").

16.     The standards of the business judgment rule are met in this case.  The Debtors' ability to pay the Taxes and Fees is critical to the continued and uninterrupted operation of their remaining business, as the Debtors sell substantially all of their assets.  If certain Taxes and Fees

remain unpaid, Governmental Authorities may seek to recover such amounts directly from the Debtors' directors or officers, thereby distracting them from the operation of their businesses, and the administration of the Debtors' chapter 11 cases.  See, e.g., Schmehl v. Helton, 662 S.E.2d 697, 707 (W.Va. 2008) (noting that corporate officers may be held responsible for payment of certain corporate taxes).  Any collection action on account of such claims, and any ensuing liability, would distract the Debtors to the detriment of all parties in interest.  The dedicated and active participation of the Debtors' officers and personnel in managing their remaining businesses is integral to their continued operations as they sell their assets through this bankruptcy process.

17.     Furthermore, as noted above, the Debtors' failure to pay the prepetition Taxes and Fees as they come due may ultimately increase the amount of priority claims held by the Governmental Authorities against the Debtors' estates, because penalties on priority tax claims themselves may be priority claims.  See 11 U.S.C. § 507(a)(8)(C), (G).  Running the risk of increasing tax liability is not in the best interests of the Debtors' estate or other parties in interest in these chapter 11 cases.  Accordingly, the Court should grant the Debtors the authority to pay, in their discretion, the prepetition Taxes and Fees as provided herein.

18.     Courts in this District have authorized payment of prepetition taxes under section 363(b) of the Bankruptcy Code.  See, e.g., In re RadioShack Corp., No. 15-10197 (BLS) (Bankr. D. Del. Feb. 9, 2015) (authorizing debtors to pay prepetition taxes in the ordinary course of business); In re Energy Future Holdings, No. 14-10979 (CSS) (Bankr. D. Del. June 4, 2014) (same); In re MACH Gen, LLC, No. 14-10461 (MFW) (Bankr. D. Del. Mar. 5, 2014) (same); (In re Dex One Corp., No. 13-10533 (KG) (Bankr. D. Del. Mar. 19, 2013) (same); In re SuperMedia Inc., No. 13-10545 (KG) (Bankr. D. Del. Mar. 19, 2013) (same); In re Patriot Coal Corp., No.

12-12900 (SCC) (Bankr. S.D.N.Y. Aug. 2, 2012) (same); <u>In re Buffets Rests, Holdings, Inc.</u>, No. 12-10237 (MFW) (Bankr. D. Del. Jan. 19, 2012) (same); <u>In re AES Eastern Energy, L.P.</u>, No. 11-14138 (KJC) (Bankr. D. Del. Jan. 4. 2012) (same).

### III. Court Should Authorize Banks to Honor and Pay Checks Issued and Electronic Funds Transferred to Pay Tax Obligations

19.    The Debtors have sufficient funds or financing commitments to pay any amounts related to the Taxes and Fees in the ordinary course of business.  Under the Debtors' existing cash management system, it is possible for the Debtors to identify checks or wire transfer requests relating to the Taxes and Fees, as applicable.  The Debtors believe there is minimal risk that checks or wire transfer requests that the Court has not authorized will be inadvertently made.  Thus, the Debtors request that the Court authorize all applicable financial institutions to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the Taxes and Fees.

### <u>Bankruptcy Rule 6003 Is Satisfied</u>

20.    Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one (21) days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.  For reasons discussed herein, authorizing the Debtors to pay, in their discretion, the prepetition Taxes and Fees, and granting the other relief requested herein is integral to the Debtors' ability to transition its operations into these chapter 11 cases.  Failure to receive such authorization and other relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  For the reasons discussed herein, the relief requested is necessary in order for the Debtors to operate their businesses in the ordinary course, preserve the ongoing value of the Debtors' operations, and maximize the value of their estates for the benefit of all stakeholders.

Accordingly, the Debtors submit that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

## Reservation of Rights

21.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' right to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their rights to contest any claim related to the relief sought herein.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be, nor should it be construed as, an admission as to the validity of any claim or a waiver of the Debtors' right to subsequently dispute such claim.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

22.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h) and any other applicable Bankruptcy Rule.

## Notice

23.     The Debtors will provide notice of this Motion to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims on a consolidated basis; (iii) counsel to Salus Capital Partners, LLC, in its capacity as the administrative and collateral agent under the Debtors' prepetition credit facility and in its capacity as the administrative and collateral agent under the Debtors' proposed debtor-in-possession financing facility; (iv) any banking or financial institution that holds the Debtors' accounts; and (v) all parties entitled to notice pursuant to Local Rule 9013-1(m).  As this Motion

is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, no other or further notice need be given.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors, in their sole discretion, to remit and pay prepetition Taxes and Fees, (ii) authorizing banks and other financial institutions to receive, process, honor, and pay all checks and electronic payment requests relating to the foregoing, and (iii) granting such further relief as may be appropriate and proper.

Dated:  April 20, 2015
Wilmington, Delaware

Respectfully submitted,


**RICHARDS, LAYTON & FINGER, P.A.**

/s/ Russell C. Silberglied
Russell C. Silberglied (No. 3462)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         silberglied@rlf.com
               shapiro@rlf.com

-and-

**MILBANK, TWEED, HADLEY & McCLOY LLP**
Tyson M. Lomazow (*pro hac vice* admission pending)
Matthew Brod (*pro hac vice* admission pending)
One Chase Manhattan Plaza
New York, NY 10005
Telephone:     (212) 530-5000
Facsimile:     (212) 530-5219
Email:         tlomazow@milbank.com
               mbrod@milbank.com

*Proposed Counsel to Debtors and Debtors in Possession*