IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
:
In re: : Chapter 11
:
FREDERICK'S OF HOLLYWOOD, INC., *et al.*,[1] : Case No. 15-_____ (__)
:
:
Debtors. : (Joint Administration Requested)
---------------------------------------------------------------- x

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS (I) TO REJECT CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365, EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE, AND (II) ABANDON ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES**

> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES. PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND THEIR LEASES ON EXHIBIT 1 TO THE PROPOSED ORDER ATTACHED HERETO. PLEASE REVIEW THIS MOTION IN ITS ENTIRETY, INCLUDING EXHIBIT 1 TO THE PROPOSED ORDER ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER.**

Frederick's of Hollywood, Inc. and its affiliated debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") hereby file this motion (the "Motion") seeking entry of an order (the "Order"), pursuant to sections 365(a) and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the rejection of certain unexpired leases of non-residential real property for certain of the premises leased by the Debtors

---

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's taxpayer identification number are as follows: (i) FOHG Holdings, LLC (7902); (ii) Frederick's of Hollywood Group Inc. (3042); (iii) FOH Holdings, Inc. (5442); (iv) Frederick's of Hollywood, Inc. (6265); (v) Frederick's of Hollywood Stores, Inc. (8882); and (vi) Hollywood Mail Order, LLC (5205). The debtors' principal offices are located at 6464 W. Sunset Blvd., Suite 1150, Los Angeles, CA 90028.

(collectively, the "Leased Premises"), each as set forth on **Exhibit 1** to the Order, effective *nunc pro tunc* to the Petition Date (defined below), and (ii) authorizing the Debtors to abandon any remaining personal property located at the Leased Premises. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction

1. This court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3. On April 19, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these chapter 11 cases. The Debtors' request for joint administration of these chapter 11 cases for procedural purposes only is currently pending.

4. Tracing their origins to 1946, the Debtors sell high quality women's apparel and related products under their proprietary Frederick's of Hollywood® brand. Since their inception, the Debtors have remained a market leader and innovator in the female fashion and lingerie industry. The Debtors' major merchandise categories are foundations (including various types of undergarments), lingerie (including daywear and sleepwear), ready-to-wear (dresses and sportswear, including denim), and fragrance and accessories (including shoes, handbags, jewelry, personal care products, and novelties). At their height, the Debtors operated over 200 retail

stores across the United States, as well as maintained a robust mail catalog and an e-commerce business through their website at www.fredericks.com.

5.     The Debtors were compelled to commence these chapter 11 cases amidst a sustained decline in operating revenue attributable to increased competition from other apparel retailers and brands, decreased foot traffic in shopping malls, and weak discretionary spending by target consumers due to the recent economic downturn.  This confluence of factors, together with the rising cost of wholesale inventory and onerous real property lease terms, ultimately resulted in the cessation of the Debtors' retail store operations prior to the Petition Date.

6.     Through these chapter 11 cases, the Debtors seek to effectuate a sale of their e-commerce business – including their intellectual property and remaining inventory – pursuant to a competitive bidding process that will maximize value for their stakeholders and inure to the benefit of all parties in interest.

7.     Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the Declaration of William Soncini in Support of Chapter 11 Petitions and First Day Pleadings of Frederick's of Hollywood, Inc. and its Affiliated Debtors and Debtors in Possession (the "First Day Declaration"), which is being filed contemporaneously herewith and is incorporated by reference herein.

## Real Property Leases

8.     Prior to the Petition Date, the Debtors were tenants under numerous unexpired non-residential real property leases across several states.  The Debtors used the bulk of these properties as locations for their various retail stores.  In conjunction with the sale of their assets, as set forth in the First Day Declaration, the Debtors closed their retail stores and physically vacated the corresponding 74 Leased Premises and surrendered the keys to the applicable

landlords (the "Counterparties") prior to the commencement of these cases. As such, the Debtors have determined that the real property leases associated with these 74 Leased Premises (the "Dark Store Leases") represent an unnecessary expense and contribute little to no value to their estates.

### Relief Requested

9. The Debtors seek entry of an order, pursuant to sections 365(a) and 554(a) of the Bankruptcy Code, and rules 6006 and 6007 of the Bankruptcy Rules, substantially in the form attached hereto as **Exhibit A**, (i) authorizing and approving the rejection of the Dark Store Leases, effective *nunc pro tunc* to the Petition Date, (ii) authorizing the Debtors to abandon any remaining personal property located at the Leased Premises, and (iii) granting certain related relief.

10. To the extent notice of the Debtors' intention to reject the Dark Store Leases has not been previously provided or to the extent not previously terminated by the Debtors prepetition, the filing and service of this Motion shall serve as notice to the Counterparties of the Debtors' intention to reject the Dark Store Leases listed on **Exhibit 1** of the Order. The Debtors file this Motion as a precautionary measure to the extent any of the landlord Counterparties may allege that there is a continuing lease. The Debtors have terminated each of the Dark Store Leases prepetition.

### Basis for Relief

**I.    Court Should Approve the Rejection of the Dark Store Leases**

11. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The bankruptcy court should approve a debtor's rejection of an executory contract or unexpired lease if such rejection is an exercise of the debtor's sound business

4

judgment, benefits its estate, and is not made in bad faith. See In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982), aff'd, 465 U.S. 513 (1984) ("[t]he usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming rejection of a service agreement as sound exercise of debtor's business judgment where bankruptcy court found rejection would benefit estate); In re HQ Global Holdings, Inc., 290 B.R. 507, 511 (Bankr. D. Del. 2003) (holding the business judgment standard applicable, absent bad faith, whim, or caprice).  In applying the business judgment standard, bankruptcy courts afford great deference to a debtor's decision to assume or reject leases. See In re Summit Land Co., 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

12.     Rejecting the Dark Store Leases (to the extent they remained executory on the Petition Date) constitutes a reasonable exercise of the Debtors' sound business judgment. Because the Debtors no longer maintain operational stores at the Leased Premises, continued compliance with the terms of the Dark Store Leases would be burdensome and would provide no corresponding benefit to the Debtors, their estates, or the stakeholders in these chapter 11 cases.  Therefore, immediate rejection of the Dark Store Leases will prevent the estates from incurring unnecessary administrative expenses associated with the Debtors' obligations thereunder.

13.     The Debtors have also reviewed the market value of the Dark Store Leases and determined that marketing the Dark Store Leases for assignment or sublease to a third party would not generate any significant value for the estates, particularly when factoring in

marketing costs and the obligations to pay, among other things, postpetition rent, real estate taxes, utilities, insurance, and other related charges during the marketing process. Accordingly, it is in the best interests of the Debtors and their estates to reject the Dark Store Leases immediately.

14. The Debtors have therefore determined that the Dark Store Leases constitute an unnecessary drain on their resources, do not provide any benefit to their estates, and are not necessary to their remaining operations. The Debtors submit that their decision to reject the Dark Store Leases (to the extent they remained executory on the Petition Date) is an exercise of the their sound business judgment and should be approved by the Court.

15. The Debtors may have claims against the Counterparties arising under, or independently of, the Dark Store Leases. The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Dark Store Leases.

16. Generally, when a real property lease is rejected any relevant subleases are also deemed rejected by operation of law. See Chatlos Sys., Inc. v. Kaplan (In re Chatlos Sys., Inc.), 147 B.R. 96, 99-100 (D. Del. 1992) ("When a lease is deemed rejected . . . any subleases under that primary lease must also be deemed rejected since the sublessee's rights in the property extinguish with those of the sublessor."); Doral Commerce Park, Ltd., v. Teleglobe Commc'ns Corp. (In re Teleglobe Commc'ns Corp.), 304 B.R. 79, 84 (Bankr. D. Del. 2004) (holding subtenant's interest in property extinguished by debtor's rejection of primary lease). Notwithstanding the above, the Debtors request, out of an abundance of caution, that the order approving the Motion authorize and confirm the rejection of any subleases or other agreements that are related to the Dark Store Leases.

17. The Debtors further request that, consistent with the limitations imposed by section 362 of the Bankruptcy Code and any other applicable law, if any of the Debtors have deposited amounts with any of the Counterparties as a security deposit or pursuant to another similar arrangement, or if any of the Counterparties owe any of the Debtors any amount pursuant to the Dark Store Leases or other agreements between the same parties, the Counterparties shall not be permitted to set-off or otherwise use the amounts from such deposit or other similar arrangement, or other amount owed to the Debtors, without the prior order of the Court.  See In re Sweet N Sour 7th Ave. Corp., 431 B.R. 63, 70-72 (Bankr. S.D.N.Y. 2010) (automatic stay prohibits landlord from exercising right to set off on debtor's security deposit); In re Communicall Cent., Inc., 106 B.R. 540, 545 (Bankr. N.D. Ill. 1989) (landlords are required to move for relief from the automatic stay to exercise right of set off); In re Inslaw, Inc., 81 B.R. 169, 169-70 (Bankr. D.D.C. 1987) (landlord's right to set off may be utilized only after relief from stay is granted).

## II. The Court Should Approve Rejection of the Dark Store Leases *Nunc Pro Tunc* to the Petition Date

18. The Debtors seek to reject the Dark Store Leases *nunc pro tunc* to the Petition Date in order to avoid the risk of sustaining any additional expenses and costs related to the Dark Store Leases.  See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 530 (1984) ("The Bankruptcy Code specifies that the rejection of an executory contract which had not been assumed constitutes a breach of the contract which relates back to the date immediately preceding the filing of a petition in bankruptcy.").  Furthermore, a court may permit retroactive rejection to avoid improperly exposing a debtor's estate to unnecessary postpetition administrative or other expenses.  See In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date

7

the motion is filed after balancing the equities in a particular case); In re Amber's Stores, Inc., 193 B.R. 819, 827 (N.D. Tex. 1996); Thinking Machs v. Mellon Fin. Servs. Corp. (In re Thinking Machs Corp.), 67 F.3d 1021, 1028 (1st Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); Constant Ltd. P'ship v. Jamesway Corp., 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection); Stonebriar Mall Ltd. P'ship v. CCI Wireless, LLC (In re CCI Wireless, LLC), 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

19.    Here, the Debtors vacated and surrendered control of the Leased Premises to the applicable landlords prior to the Petition Date. To postpone the effective date of rejection would force the Debtors to incur unnecessary administrative expenses. Further, postponement of the effective date of rejection would inequitably force the Debtors to compensate the Counterparties for a delay which the Debtors sought to avoid in surrendering the Leased Premises and providing them the opportunity to re-lease the properties.

20.    Therefore, the Debtors request that the Court order the rejection of the Leases effective *nunc pro tunc* to the Petition Date to avoid additional and unnecessary administrative costs to their estates that would otherwise arise under the Dark Store Leases prior to the hearing on this Motion. Further, equity favors retroactive rejection because the Debtors provided the Counterparties with notice of their intention to reject prior to the filing of this Motion.

**III.    Court Should Approve the Debtors' Abandonment of Remaining Personal Property**

21.    Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

22. Here, although the Debtors have vacated the Leased Premises, and believe that they have removed all of their significant owned personal property assets (the "Remaining Personal Property") currently located at the Leased Premises, a minimal amount of the Debtors' personal property may remain (the "Abandoned Property"). To the extent that any Abandoned Property remains at the Leased Premises, the Debtors submit that such property is inconsequential to their estates and/or removal or storage of such property exceeds its value and is burdensome to their estates. Therefore, to the extent that any Abandoned Property remains at the Leased Premises, the Debtors seek authority to abandon such assets as of the Petition Date.

23. For the foregoing reasons, the abandonment of the Abandoned Property should be approved by the Court.

**Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

24. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h) and any other applicable Bankruptcy Rule.

**Notice**

25. The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims on a consolidated basis; (iii) counsel to Salus Capital Partners, LLC, in its capacity as the administrative and collateral agent under the Debtors' prepetition credit facility and in its capacity as the administrative and collateral agent under the Debtors' proposed debtor-in-possession financing facility; (iv) any banking or financial institution that holds the Debtors' accounts; (v) any known Dark Store Lease Counterparty; and (viii) all parties entitled to notice

pursuant to Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request entry of an order substantially in the form attached hereto as **Exhibit A**, (i) authorizing and approving the rejection of the Dark Store Leases, effective *nunc pro tunc* to the Petition Date, and (ii) authorizing the Debtors to abandon any remaining personal property located at the Leased Premises.

Dated: April 20, 2015
Wilmington, Delaware

Respectfully submitted,

**RICHARDS, LAYTON & FINGER, P.A.**

/s/ Russell C. Silberglied
Russell C. Silberglied (No. 3462)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:   (302) 651-7700
Facsimile:    (302) 651-7701
Email:         silberglied@rlf.com
                  shapiro@rlf.com

-and-

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**
Tyson M. Lomazow (*pro hac vice* admission pending)
Matthew Brod (*pro hac vice* admission pending)
One Chase Manhattan Plaza
New York, NY 10005
Telephone:   (212) 530-5000
Facsimile:    (212) 530-5219
Email:         tlomazow@milbank.com
                  mbrod@milbank.com

*Proposed Counsel to Debtors and Debtors in Possession*