IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE



```
---------------------------------------------------------- x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
OLD FOH, INC. (f/k/a FREDERICK'S OF                        :    Case No. 15-10836 (KG)
HOLLYWOOD, INC.), et al.,1                                 :
                                                           :    (Jointly Administered)
                                                           :
                          Debtors.                         :    Re: Docket Nos. 403, 433 & 434
---------------------------------------------------------- x
```

**ORDER (I) APPROVING DEBTORS' COMBINED DISCLOSURE STATEMENT
AND PLAN AS CONTAINING ADEQUATE INFORMATION ON A
FINAL BASIS AND (II) CONFIRMING DEBTORS' COMBINED
<u>DISCLOSURE STATEMENT AND PLAN</u>**

WHEREAS, Old FOH, Inc. (f/k/a Frederick's of Hollywood, Inc.) and its

affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned

chapter 11 cases have proposed and filed with the United States Bankruptcy Court for the

District of Delaware: (i) the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation*

*Proposed by the Debtors, the Official Committee of Unsecured Creditors and Front Street Re*

*(Cayman) Ltd.* [Docket No. 434] (the "<u>Combined Disclosure Statement and Plan</u>"), a final

version of which is attached hereto as **<u>Exhibit A</u>**,[2] and (ii) the *Debtors' Motion for the Entry of*

*an Order: (a) Conditionally Approving the Combined Disclosure Statement and Plan for*

*Solicitation Purposes Only on Limited Notice, (b) Establishing Procedures for Solicitation and*

---

[1]   The debtors in these chapter 11 cases and the last four digits of each debtor's taxpayer identification number are as follows:  (i) FOHG Holdings, LLC (7902); (ii) FOH Group Inc. (f/k/a Frederick's of Hollywood Group Inc.) (3042); (iii) FOH Holdings, Inc. (5442); (iv) Old FOH, Inc. (f/k/a Frederick's of Hollywood, Inc.) (6265); (v) FOH Stores, Inc. (f/k/a Frederick's of Hollywood Stores, Inc.) (8882); and (vi) Hollywood Mail Order, LLC (5205).  The debtors' principal offices are located at 6464 W. Sunset Blvd., Suite 1150, Los Angeles, CA 90028.

[2]   All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

*Tabulation of Votes to Accept or Reject Combined Disclosure Statement and Plan, (c) Approving the Form of Ballots and Solicitation Materials, (d) Establishing Voting Record Date, (e) Fixing the Date, Time and Place for the Confirmation Hearing, and (f) Approving Related Notice Procedures* [Docket No. 403] (the "<u>Motion</u>");

WHEREAS, on September 25, 2015, the Court, after holding a hearing on that date (the "<u>Conditional Disclosure Statement Hearing</u>"), entered the *Order (A) Approving on Conditional Basis Combined Disclosure Statement and Plan for Solicitation Purposes Only on Limited Notice, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Disclosure Statement and Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures* [Docket No. 433] (the "<u>Conditional Approval and Procedures Order</u>"), conditionally approving the Combined Disclosure Statement and Plan for solicitation purposes only;

WHEREAS, due notice of the Confirmation Hearing has been given to Holders of Claims, Equity Interests and other parties in interest in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Conditional Approval and Procedures Order, as set forth in the initial *Affidavit of Service* [Docket No. 449], and the supplemental *Affidavits of Service* submitted thereafter [Docket Nos. 455 & 461] (collectively, the "<u>Confirmation Notice Affidavit</u>");

2

WHEREAS, in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Conditional Approval and Procedures Order, solicitation packages containing a ballot (a "Ballot"), notice of the Confirmation Hearing (including instructions on how to view and/or obtain paper copies of the Combined Disclosure Statement and Plan), and the Committee Support Letter (collectively, the "Solicitation Packages") were transmitted to the Holders of Claims in Classes 1 and 4 (the "Voting Classes");

WHEREAS, on October 30, 2015, KCC filed the *Certification of P. Joseph Morrow IV with Respect to the Tabulation of Votes on the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors, the Official Committee of Unsecured Creditors and Front Street Re (Cayman) Ltd.* [Docket No. 467] (the "Voting Certification") containing a tabulation of all valid Ballots received and demonstrating acceptance of the Combined Disclosure Statement and Plan by the Voting Classes;

WHEREAS, on November 3, 2015, the Court conducted a hearing to consider, on a final basis, whether the Combined Disclosure Statement and Plan contained adequate information within the meaning of Section 1125(a) of the Bankruptcy Code and confirmation of the Combined Disclosure Statement and Plan (the "Confirmation Hearing");

**NOW, THEREFORE**, based upon the Court's consideration of the entire record of these chapter 11 cases, including, among other things, (i) the Conditional Disclosure Statement Approval Hearing, (ii) the Combined Disclosure Statement and Plan, (iii) the Motion, (iv) the Confirmation Notice Affidavit, (v) any objections to the Combined Disclosure Statement and Plan, and (vi) the Confirmation Hearing, and the Court having found the Combined

3

Disclosure Statement and Plan contains adequate information within the meaning of Section 1125(a) of the Bankruptcy Code and is confirmable in its current form and all objections thereto have either been settled, withdrawn or overruled at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY FOUND AND DETERMINED THAT:

A.      <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      <u>Jurisdiction, Venue, Core Proceeding</u>.  The Court has jurisdiction over the Debtors' chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334.  Approval of the Combined Disclosure Statement and Plan and confirmation of the Combined Disclosure Statement and Plan are core proceedings pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors, the official committee of unsecured creditors (the "Committee") and Front Street Re (Cayman) Ltd. ("FSR") are the Plan Proponents in accordance with section 1121(a) of the Bankruptcy Code.  On April 19, 2015 (the "Filing Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

RLF1 13126851v.2

C.      The Official Committee of Unsecured Creditors.  On April 28, 2015, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee [Docket No. 92].

D.      Judicial Notice.  The Court takes judicial notice of the docket of the chapter 11 cases maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the chapter 11 cases.

E.      Approval Under Section 1125.  The Combined Disclosure Statement and Plan contains adequate information within the meaning of Bankruptcy Code section 1125(a).

F.      Conditional Approval and Procedures Order Compliance.  The Debtors have complied with the Conditional Approval and Procedures Order, including the solicitation process, in all respects.

G.      Burden of Proof.  The Debtors have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.  The Debtors have met this burden.

H.      Voting.  As evidenced by the Voting Certification, votes to accept or reject the Combined Disclosure Statement and Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules, the solicitation process set forth in the Conditional Approval and Procedures Order, and applicable non-bankruptcy law.

I.      Solicitation.  The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, and the Conditional Approval and Procedures Order.  The form of the Ballot

adequately addressed the particular needs of these chapter 11 cases and is appropriate for the

Holders of the Claims in the Voting Classes, which are impaired under the Combined Disclosure

Statement and Plan, and may receive a Distribution under the Combined Disclosure Statement

and Plan, and whose votes were, therefore, solicited.

1.    The period during which the Debtors solicited acceptances of the Combined Disclosure Statement and Plan was reasonable in the circumstances of these chapter 11 cases and enabled Holders to make an informed decision to accept or reject the Combined Disclosure Statement and Plan.  The Debtors were not required to solicit votes from the Holders of Claims in the following Classes (the "Deemed Accepting Classes") as each such Class is unimpaired under the Combined Disclosure Statement and Plan and conclusively presumed to have accepted the Combined Disclosure Statement and Plan:  Class 2 (Other Secured Claims), Class 3 (Priority Non-Tax Claims) and Class 6 (Equity Interests in Debtors Other than FOHG).

2.    The Debtors also were not required to solicit votes from the Holders of Equity Interests in Class 5 (Equity Interests in FOHG) (the "Deemed Rejecting Class") as such Class received no recovery under the Combined Disclosure Statement and Plan[3] and is deemed to reject the Combined Disclosure Statement and Plan.

3.    As described in and as evidenced by the Voting Certification and the Confirmation Notice Affidavit, the transmittal and service of the Solicitation Packages was timely, adequate, and sufficient under the circumstances.  The solicitation of votes on the Combined Disclosure Statement and Plan complied with the Conditional Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of these chapter 11 cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.  In connection therewith, the Plan Proponents, and any and all affiliates, members, managers, shareholders, partners, employees, attorneys and advisors of the foregoing are entitled to the protection of section 1125(e) of the Bankruptcy Code.

J.    Good Faith.  The Plan Proponents have not engaged in any collusive or

unfair conduct in connection with the Combined Disclosure Statement and Plan.  The Combined

---

[3]    In the event all Allowed Claims have been satisfied in accordance with the Bankruptcy Code and the Combined Disclosure Statement and Plan, Holders of Equity Interests in FOHG may receive a Pro Rata Distribution of any remaining assets of the Debtors.  However, it is not anticipated that any such Distribution will be made.

6

Disclosure Statement and Plan was negotiated and conducted at arms-length and without collusion with any person or entity.

K.    Notice.  As is evidenced by the Voting Certification and the Confirmation Notice Affidavit, the transmittal and service of the Solicitation Packages were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Combined Disclosure Statement and Plan) have been given due, proper, timely, and adequate notice in accordance with the Conditional Approval and Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto.  No other or further notice is required.

L.    Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Combined Disclosure Statement and Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Combined Disclosure Statement and Plan is dated and identifies the Debtors, the Committee and FSR as Plan Proponents, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

M.    The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  The Plan Proponents have complied with all applicable provisions of the Bankruptcy Code, satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

N.    Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Combined Disclosure Statement and Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

7

O.     Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Plan Proponents, or by a person issuing securities or acquiring property under the Combined Disclosure Statement and Plan, for services or for costs and expenses in or in connection with the chapter 11 cases, or in connection with the Combined Disclosure Statement and Plan and incident to the chapter 11 cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

P.     Plan Administrator, Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Plan Proponents have complied with section 1129(a)(5) of the Bankruptcy Code. The identity, affiliations and compensation of the Plan Administrator proposed to serve after Effective Date have been fully disclosed in the *Notice of Appointment of Plan Administrator* [Docket No. 454].

Q.     No Rate Changes (11 U.S.C. § 1129(a)(6)). After confirmation of the Combined Disclosure Statement and Plan, the Debtors' businesses will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable.

R.     Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The Combined Disclosure Statement and Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Combined Disclosure Statement and Plan, and the other evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that each Holder of an impaired Claim or Equity Interest either has accepted the Combined Disclosure Statement and Plan or will receive or retain under the Combined Disclosure Statement and Plan, on account of such Claim

8

or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

S.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  All Classes of Claims or Equity Interests either voted to accept the Plan (*i.e.*, Classes 1 and 4) or were deemed to accept the Plan (*i.e.*, Classes 2, 3 and 6) other than Class 5.  The Deemed Rejecting Class is impaired by the Combined Disclosure Statement and Plan and is not entitled to receive or retain any property under the Combined Disclosure Statement and Plan and, therefore, is deemed to have rejected the Combined Disclosure Statement and Plan pursuant to section 1126(g) of the Bankruptcy Code.  As found and determined below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the fact that the Deemed Rejecting Class is impaired and is deemed to have rejected the Combined Disclosure Statement and Plan.

T.    <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>.  The treatment of Allowed Administrative Expense Claims under the Combined Disclosure Statement and Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code.  The treatment of Priority Tax Claims pursuant to the Combined Disclosure Statement and Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

U.    <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>.  Holders of Claims in the Voting Classes voted to accept the Combined Disclosure Statement and Plan, determined without including any acceptance of the Combined Disclosure Statement and Plan by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

9

V.    Feasibility (11 U.S.C. § 1129(a)(11)). The Combined Disclosure Statement and Plan itself calls for liquidation of the Debtors. Therefore, confirmation of the Combined Disclosure Statement and Plan is not likely to be followed by the need for further financial reorganization of the Debtors, thereby satisfying (or eliminating the need to consider) section 1129(a)(11) of the Bankruptcy Code.

W.    Payment of Fees (11 U.S.C. § 1129(a)(12)). The Combined Disclosure Statement and Plan provides that on the Effective Date, and thereafter as may be required, the Debtors shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

X.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13). The Debtors do not maintain retirement plans or other benefits obligations. Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Combined Disclosure Statement and Plan.

Y.    No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)). The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to the chapter 11 cases.

Z.    The Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15)). The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the chapter 11 cases.

AA.    No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)). The Debtors are moneyed, business, and/or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to the chapter 11 cases.

RLF1 13126851v.2

BB.    <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>. Holders of Interests in the Deemed Rejecting Class are deemed to have not accepted the Combined Disclosure Statement and Plan. Based upon the evidence proffered, adduced, and presented by the Debtors at the Confirmation Hearing, the Combined Disclosure Statement and Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. Thus, the Combined Disclosure Statement and Plan may be confirmed notwithstanding the deemed rejection of the Combined Disclosure Statement and Plan by the Deemed Rejecting Class.

CC.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Combined Disclosure Statement and Plan is the only plan filed in this case, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the chapter 11 cases.

DD.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Combined Disclosure Statement and Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, and no governmental unit has objected to the confirmation of the Combined Disclosure Statement and Plan on any such grounds. Therefore, the Combined Disclosure Statement and Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

EE.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Court and the record of the chapter 11 cases, the Plan Proponents and their agents, successors, predecessors, control persons, members, officers, directors, employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, in each case, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions

of the Bankruptcy Code, the Bankruptcy Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Combined Disclosure Statement and Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and therefore are not, and on account of such offer, issuance and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Combined Disclosure Statement and Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the exculpation provisions set forth in Article XII.A. of the Combined Disclosure Statement and Plan.

FF.    Implementation.  All documents necessary to implement the Combined Disclosure Statement and Plan, and all other relevant and necessary documents have been developed and negotiated in good faith and at arms-length and shall, upon completion of documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

GG.    Releases.  The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases set forth in Article XII.B. and Article XII.C., and the related injunction in Article XII.D., and elsewhere in the Combined Disclosure Statement and Plan and the Confirmation Order.  Section 105(a) of the Bankruptcy Code permits approval of the releases set forth in Article XII.B. and Article XII.C., and the related injunction in Article XII.D., and elsewhere in the Combined Disclosure Statement and Plan and Confirmation Order, because, as has been established here based upon the record in the chapter 11 cases and the evidence presented at the Confirmation Hearing, such provisions (i) were

12

integral to the Global Settlement among the various parties in interest and are essential to the formulation and implementation of the Combined Disclosure Statement and Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable, and reasonable, (iv) are in the best interests of the Debtors, their Estates, and all parties in interest, and (v) with respect to the third party releases, such releases have been consented to by the releasing parties.

HH.    Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the exculpation provision and the releases set forth in the Combined Disclosure Statement and Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, and their Estates, creditors, and equity holders. The record of the Confirmation Hearing and these chapter 11 cases is sufficient to support the exculpation provision set forth in Article XII.A. and the releases provided for in Article XII.B. and Article XII.C., and the related injunction in Article XII.D., of the Combined Disclosure Statement and Plan. Accordingly, based upon the record of the chapter 11 cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the exculpation provision set forth in Article XII.A. and the releases set forth in Article XII.B. and Article XII.C., and the related injunction in Article XII.D., of the Combined Disclosure Statement and Plan are consistent with the Bankruptcy Code and applicable law. The failure to implement the release provisions of the Combined Disclosure Statement and Plan would eviscerate the Global Settlement and prevent confirmation of the Combined Disclosure Statement and Plan.

II.    Based on the foregoing, the Combined Disclosure Statement and Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

13

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. <u>Findings of Fact and Conclusions of Law</u>. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2. <u>Notice of the Confirmation Hearing</u>. Notice of the Confirmation Hearing complied with the terms of the Conditional Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the chapter 11 cases, and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

3. <u>Adequate Information</u>. The Combined Disclosure Statement and Plan is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Combined Disclosure Statement and Plan not otherwise consensually resolved are overruled.

4. <u>Solicitation</u>. The solicitation of votes on the Combined Disclosure Statement and Plan complied with the Conditional Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the chapter 11 cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law.

5. <u>Ballots</u>. The form of Ballot annexed as **Exhibit 1** to the Conditional Approval and Procedures Order is in compliance with Bankruptcy Rule 3018(c), and as modified, substantially conforms to Official Form Number 14, and is approved in all respects.

6. <u>Confirmation of the Combined Disclosure Statement and Plan</u>. The Combined Disclosure Statement and Plan, attached hereto as **Exhibit A**, is approved and confirmed under section 1129 of the Bankruptcy Code. The terms of the Combined Disclosure

14

Statement and Plan are incorporated by reference into, and are an integral part of this Confirmation Order.

       7.    <u>Resolution of Objection of Texas Tax Authorities [Docket No. 464]</u>. Dallas County, Fort Bend County, Harris County, Irving ISD, Jefferson County and Tarrant County (collectively, the "<u>Texas Tax Authorities</u>") are the Holders of pre-Filing Date Claims for ad valorem taxes assessed against the Debtors on January 1, 2015 (the "<u>Texas Tax Claims</u>"). Notwithstanding any provision in this Order or the Combined Disclosure Statement and Plan to the contrary, (i) payment on the Texas Tax Claims, if and to the extent the Texas Tax Claims are Allowed Claims, shall include accrued and unpaid interest from the Filing Date through the date of payment in full at the applicable state statutory rate of 1% per month to the extent permitted and required by sections 506(b), 511, and 1129 of the Bankruptcy Code ("<u>Statutory Interest</u>"), and (ii) the Texas Tax Authorities shall retain their tax liens on their cash collateral with the same validity, extent and priority until the Allowed amounts of the Texas Tax Claims are paid in full or disallowed pursuant to a Final Order. Notwithstanding the foregoing, the Texas Tax Claims (if and to the extent Allowed) shall not include Statutory Interest if the Allowed amounts of such Claims (excluding any Statutory Interest) are paid in full prior to December 31, 2015.

       8.    <u>Objections Resolved or Overruled</u>. All objections, responses, statements and comments in opposition to the Combined Disclosure Statement and Plan, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety.

       9.    <u>General Authorizations</u>. The Combined Disclosure Statement and Plan was approved by all officers of the Debtors whose approval was necessary. Pursuant to the

15

appropriate provisions of the corporate or business organizations law of the applicable states of organization of the Debtors, and section 1142(b) of the Bankruptcy Code, no additional action of the respective directors, members, managers or stockholders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Combined Disclosure Statement and Plan and any contract, instrument, or other document to be executed, delivered, adopted or amended in connection with the implementation of the Combined Disclosure Statement and Plan.

10.    Binding Effect.  On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Combined Disclosure Statement and Plan shall bind the Debtors, all Holders of Claims and Equity Interests (irrespective of whether such Claims or Equity Interests are impaired under the Combined Disclosure Statement and Plan or whether the Holders of such Claims or Interests have accepted the Combined Disclosure Statement and Plan), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, any other party in interest in these chapter 11 cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

11.    Vesting of Assets.  As of the Effective Date, pursuant to the provisions of Bankruptcy Code section 1141(b) and (c), all Assets shall vest in the Debtors free and clear of all Claims, liens, encumbrances, charges, membership interests and other interests, except as otherwise expressly provided in the Combined Disclosure Statement and Plan or this Confirmation Order, and subject to the terms and conditions of the Combined Disclosure Statement and Plan and this Confirmation Order.

RLF1 13126851v.2

12.    <u>Implementation of the Combined Disclosure Statement and Plan</u>.   The Debtors are hereby authorized to execute, deliver, file or File, or record such documents, contracts, instruments, releases, and other agreements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Combined Disclosure Statement and Plan, including all such actions delineated in Article VII and Article X of the Combined Disclosure Statement and Plan.  On the Effective Date, the Plan Administrator is authorized and empowered to issue, execute, file or File, and deliver or record such documents, contracts, instruments, releases and other agreements in the name of and on behalf of the Debtors.

13.    <u>Compromise of Controversies</u>.   In consideration for the distributions and other benefits, including releases, provided under the Combined Disclosure Statement and Plan, the provisions of the Combined Disclosure Statement and Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Combined Disclosure Statement and Plan.   Consideration for all such compromises, settlements and releases is adequate and the entry of this Confirmation Order constitutes approval of such compromises and settlements under Bankruptcy Rule 9019, subject to the provisions of the Combined Disclosure Statement and Plan.

14.    <u>Rejection of Executory Contracts and Unexpired Leases</u>.   Except as is set forth in the Combined Disclosure Statement and Plan, pursuant to Article XIII of the Combined Disclosure Statement and Plan, as of the Effective Date, all Executory Contracts and unexpired leases to which any of the Debtors is a party are hereby rejected as of the Effective Date.

15.    <u>Conditions to Effective Date</u>.  The Combined Disclosure Statement and Plan shall not become effective unless and until the conditions set forth in Article XIV.A. of the

RLF1 13126851v.2

Combined Disclosure Statement and Plan have been satisfied or waived pursuant to Article XIV.D. of the Combined Disclosure Statement and Plan.  In the event that one or more of the conditions specified in Article XIV.A. of the Combined Disclosure Statement and Plan have not been satisfied or waived in accordance with Article XIV.D. of the Combined Disclosure Statement and Plan within 45 days after the Confirmation Date, then upon motion by any party in interest, made before the time that each of the conditions has been satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may direct, the Confirmation Order may be vacated by the Bankruptcy Court; provided, however, that notwithstanding the filing of such motion, the Confirmation Order shall not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived by the Plan Proponents before any Order granting such relief becomes a Final Order.  If the Confirmation Order is vacated pursuant to Article XIV.C., the Combined Disclosure Statement and Plan shall be deemed null and void in all respects and nothing contained herein shall (A) constitute a waiver or release of any Claims by or against the Debtors, or (B) prejudice in any manner the rights of the Debtors.

16.   Professional Compensation.   Except as provided in the Combined Disclosure Statement and Plan, all entities seeking awards by the Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date, shall file and serve their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is forty-five (45) days after the Effective Date.  Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed and paid in the ordinary course of business without any further notice to, or action, Order, or approval of, the

18

Court.   Professional Claims shall be treated as Administrative Expense Claims under the Combined Disclosure Statement and Plan and paid in accordance with Article VI.B. of the Combined Disclosure Statement and Plan.

17.   <u>Revenue Sharing Agreement.</u>  On the Effective Date, the Debtors' rights and obligations under the Revenue Sharing Agreement shall be deemed assigned to FSR without any further action.

18.   <u>Exculpation.</u>  The Debtors, the Debtors' post-Filing Date and pre-Effective Date Related Parties, the Committee, the members of the Committee in their capacity as such, the individuals who sat on the Committee in their capacity as such, and the Committee's retained professionals in the chapter 11 cases, shall not have or incur, and are hereby released from, any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability to one another or to any Holder of any Claim or Equity Interest, or any other party-in-interest, or any of their respective Related Parties, for any act or omission originating or occurring on or after the Filing Date through and including the Effective Date in connection with, relating to, or arising out of the chapter 11 cases, the negotiation and Filing of the Combined Disclosure Statement and Plan, the Filing of the chapter 11 cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of the Combined Disclosure Statement and Plan, the consummation of the Combined Disclosure Statement and Plan, or the administration of the Combined Disclosure Statement and Plan or the property to be Distributed under the Combined Disclosure Statement and Plan, except for their willful misconduct or gross negligence or any obligations that they have under or in connection with the Combined Disclosure Statement and Plan or the transactions contemplated in the Combined Disclosure Statement and Plan.   Nothing herein or in the Combined Disclosure

19

Statement or Plan shall prevent any exculpated party from asserting as a defense to any claim of willful misconduct or gross negligence that they reasonably relied upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan or otherwise.

19.     <u>Binding Exculpation Provision.</u>  All exculpation provisions embodied herein and/or in the Combined Disclosure Statement and Plan, including but not limited to those contained in Article XII.A of the Combined Disclosure Statement and Plan, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

20.     <u>Releases By the Debtors.</u>  Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors and each of the Debtors' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties and each Debtor's Related Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission in connection with, relating to, or arising out of the chapter 11 cases, the negotiation and Filing of the Combined Disclosure Statement and Plan, the Filing of the chapter 11 cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of the Combined Disclosure Statement and Plan, the consummation of the Combined Disclosure Statement and Plan, or the administration of the Combined Disclosure Statement and Plan or the property to be distributed under the Combined Disclosure Statement and Plan.

21.     <u>Third Party Releases.</u>  Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties and each Holder of a Claim or Equity Interest that votes in favor of the Combined Disclosure

RLF1 13126851v.2

Statement and Plan shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties, the Debtors and the Debtors' Related Parties, from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission (i) that took place prior to the Filing Date relating to and/or in connection with any of the Debtors, and (ii) in connection with, relating to, or arising out of the chapter 11 cases, the negotiation and Filing of the Combined Disclosure Statement and Plan, the Filing of the chapter 11 cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of the Combined Disclosure Statement and Plan, the consummation of the Combined Disclosure Statement and Plan, or the administration of the Combined Disclosure Statement and Plan or the property to be Distributed under the Combined Disclosure Statement and Plan.

22.    <u>Binding Release Provisions.</u>    All release provisions embodied herein and/or in the Combined Disclosure Statement and Plan, including but not limited to those contained in Article XII.B and Article XII.C of the Combined Disclosure Statement and Plan, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

23.    <u>Injunctions Relating to Releases.</u>    Effective as of the Effective Date, all Persons that hold, have held or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability of any nature whatsoever, that is released pursuant to the Combined Disclosure Statement and Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such released claims, Claims, Causes of Action, obligations, suits, judgments,

21

damages, debts, rights, remedies or liabilities, (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order, (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any lien, (iv) setting off (except to the extent such setoff was exercised prior to the Filing Date), seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person released under the Combined Disclosure Statement and Plan, and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Combined Disclosure Statement and Plan or the Confirmation Order.

24.    Reservation of Rights.  Except as expressly set forth herein, the Combined Disclosure Statement and Plan shall have no force or effect until the Effective Date.  None of the filing of the Combined Disclosure Statement and Plan, any statement or provision contained herein, or the taking of any action by the Plan Proponents with respect to the Combined Disclosure Statement and Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtors, Holders of Claims or Equity Interest before the Effective Date.

25.    Payment of Statutory Fees.  All fees due and payable pursuant to section 1930 of title 28 of the United States Code prior to the Effective Date shall be paid by the Debtors on the Effective Date.  After the Effective Date, the Plan Administrator shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a

RLF1 13126851v.2

form reasonably acceptable to the United States Trustee. Notwithstanding the limited substantive consolidation of the Debtors called for in the Combined Disclosure Statement and Plan, each and every one of the Debtors shall remain obligated to pay quarterly fees to the United States Trustee until the earliest of that particular Debtor's case being closed, dismissed or converted to a case under chapter 7 of the Bankruptcy Code.

26.    Reversal/Stay/Modification/Vacatur of Confirmation Order.    Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors, as applicable, pursuant to the Combined Disclosure Statement and Plan and the Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur.    Notwithstanding any such reversal, stay, modification, or vacatur of the Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, the Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of the Confirmation Order and the Combined Disclosure Statement and Plan or any amendments or modifications thereto.

27.    Retention of Jurisdiction.    Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, following the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the chapter 11 cases as is legally permissible, including, without limitation, such jurisdiction as is necessary to ensure that the interests and purposes of the Combined Disclosure Statement and Plan are carried out. The Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the chapter 11 cases and the

23

Combined Disclosure Statement and Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(i)    To hear and determine any objections to Claims and to address any issues relating to Disputed Claims;

(ii)    To enter and implement such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(iii)    To issue such Orders in aid of execution and consummation of the Combined Disclosure Statement and Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

(iv)    To consider any amendments to or modifications of the Combined Disclosure Statement and Plan, to cure any defect or omission, or reconcile any inconsistency in any Order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(v)    To hear and determine all requests for compensation and reimbursement of expenses to the extent Allowed by the Bankruptcy Court under section 330 or 503 of the Bankruptcy Code;

(vi)    To hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Combined Disclosure Statement and Plan;

(vii)    To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code (including, without limitation, any request by the Debtors or the Plan Administrator for an expedited determination of tax under section 505(b) of the Bankruptcy Code);

(viii)    To hear any other matter not inconsistent with the Bankruptcy Code;

(ix)    To enter a final decree closing the chapter 11 cases;

(x)     To ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Combined Disclosure Statement and Plan;

(xi)    To decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtors that may be pending on the Effective Date;

(xii)   To issue injunctions, enter and implement other Orders or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or enforcement of the Combined Disclosure Statement and Plan, except as otherwise provided herein;

(xiii)  To determine any other matters that may arise in connection with or related to the Combined Disclosure Statement and Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or other agreement or document created or implemented in connection with the Combined Disclosure Statement and Plan or the Disclosure Statement;

(xiv)   To hear any disputes and determine any other matters that may arise in connection with or related to the Sale Order or any contract, instrument, release, indenture or other agreement or document created or implemented in connection with the Sale Order;

(xv)    To enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, exculpations, and rulings entered in connection with the chapter 11 cases (whether or not the chapter 11 cases have been closed);

(xvi)   To resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof;

RLF1 13126851v.2

(xvii)   To resolve any disputes concerning whether a Person or Entity had sufficient notice of the chapter 11 cases, the General Bar Date, the Governmental Unit Bar Date, the Rejection Bar Date, the Administrative Expense Bar Date, and/or the conditional or final hearing on the approval of the Combined Disclosure Statement and Plan for the purpose of determining whether a Claim, or Equity Interest is released, satisfied and/or enjoined hereunder or for any other purpose; and

(xviii)   To resolve any other matter or for any purpose specified in the Combined Disclosure Statement and Plan, the Confirmation Order, or any other document entered into in connection with any of the foregoing.

28.   <u>Exemption from Certain Taxes</u>.   Pursuant to section 1146(a) of the Bankruptcy Code, all transactions, including the transfers described herein pursuant to the Asset Purchase Agreement, and the delivery and recordation of any instrument, under, in furtherance of, or in connection with the Combined Disclosure Statement and Plan shall not be subject to any stamp tax, real estate transfer tax or similar transfer fee or tax.

29.   <u>Modifications</u>.   The Combined Disclosure Statement and Plan may be amended, modified, or supplemented by the Debtors in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, the Combined Disclosure Statement and Plan, and this Confirmation Order.   In addition, after the Confirmation Date, the Debtors or the Plan Administrator may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Combined Disclosure Statement and Plan or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Combined Disclosure Statement and Plan.   Further, prior to the Effective Date,

26

the Debtors or the Plan Administrator may make appropriate technical adjustments and modifications to the Combined Disclosure Statement and Plan without further order or approval of the Court.

30. <u>Provisions of Combined Disclosure Statement and Plan and Confirmation Order Non-severable and Mutually Dependent</u>. The provisions of the Combined Disclosure Statement and Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

31. <u>Governing Law</u>. Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under the Combined Disclosure Statement and Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof.

32. <u>Applicable Non-bankruptcy Law</u>. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Combined Disclosure Statement and Plan and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

33. <u>Documents and Instruments</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Combined Disclosure Statement and Plan and this Confirmation Order.

34. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the

27

Combined Disclosure Statement and Plan, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Combined Disclosure Statement and Plan.

35.    <u>Notice of Entry of Confirmation Order and Effective Date</u>.  The form of notice of Effective Date and entry of the Confirmation Order, attached hereto as **<u>Exhibit B</u>** (the "<u>Effective Date Notice</u>"), provides adequate and reasonable notice and is hereby approved.  On or within two (2) Business Days of the Effective Date, the Debtors shall file and serve the Effective Date Notice on the following parties: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases, (ii) state and local taxing authorities in which the Debtors did business, (iii) the Internal Revenue Service, (iv) the Securities and Exchange Commission, (v) the United States Attorney for the District of Delaware, (vi) holders of Claims or Equity interests, (vii) all counterparties to Executory Contracts and unexpired leases with the Debtors, (viii) the United States Trustee and (ix) all persons or entities listed on the Debtors' creditor mailing matrix.

36.    <u>Substantial Consummation</u>.  On the Effective Date and upon completion of the Distributions as contemplated under the Combined Disclosure Statement and Plan, the Combined Disclosure Statement and Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

37.    <u>Waiver of Stay</u>.  The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

38.  <u>Inconsistency</u>.    To the extent of any inconsistency between this Confirmation Order and the Combined Disclosure Statement and Plan, this Confirmation Order shall govern.

39.  <u>No Waiver</u>.  The failure to specifically include any particular provision of the Combined Disclosure Statement and Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Combined Disclosure Statement and Plan is confirmed in its entirety and incorporated herein by reference.

Dated:  November __3__, 2015
       Wilmington, Delaware

                               THE HONORABLE KEVIN GROSS
                               UNITED STATES BANKRUPTCY JUDGE