**B.**     **Summary of Treatment of Claims and Equity Interests and Estimated Recoveries**

The following chart provides a summary of treatment of each Class of Claims and Equity Interests (other than Administrative Expense Claims, Priority Tax Claims and Intercompany Claims) and an estimate of the recoveries of each Class. [14] The treatment provided in this chart is for informational purposes only and is qualified in its entirety by Article VII of the Combined Disclosure Statement and Plan.

| Class | Estimated Allowed Claims | Treatment / Voting Status | Estimated Recovery to Holders of Allowed Claims[15] |
|---|---|---|---|
| Class 1 – Prepetition Lenders Secured Claims | $19,126,530.00 | Impaired / Entitled to Vote | Unknown |
| Class 2 - Other Secured Claims | $95,000.00 | Unimpaired / Deemed to Accept | 100% |
| Class 3 - Priority Non-Tax Claims | $94,000.00 | Unimpaired / Deemed to Accept | 100% |
| Class 4 – General Unsecured Claims | $22,500,000.00[16] | Impaired / Entitled to Vote | 0.2% to 2.2% |
| Class 5 – Equity Interests in FOHG | N/A | Impaired / Deemed to Reject | 0% |
| Class 6 – Equity Interests in Debtors Other than FOHG | N/A | Unimpaired / Deemed to Accept | Reinstated |

# V. CONFIRMATION AND VOTING PROCEDURES

**A.**     **Confirmation Procedure**

---

[14]   These amounts represent estimated Allowed Claims, and do not represent amounts actually asserted by Creditors in proofs of claim or otherwise. The Debtors have not completed their analysis of Claims in the Chapter 11 Cases and objections to such Claims have not been fully litigated. Therefore, there can be no assurances that the exact amount of the Allowed Claims at this time. Rather, the actual amount of the Allowed Claims may be greater or lower than estimated.

[15]   The estimated percentage recovery is based upon, among other things, an estimate of the Allowed Claims in the Chapter 11 Cases. As set forth in footnote 11 above, the actual amount of the Allowed Claims may be greater or lower than estimated. Thus, the actual recoveries may be higher or lower than projected depending upon, among other things, the amounts and priorities of Claims that are actually Allowed by the Bankruptcy Court.

[16]   This amount excludes any Claims held by the Salus Entities, FSR, the HGI Entities, and each of their respective affiliates, successors and assigns, because such entities waived their rights to receive any distribution on account of their General Unsecured Claims.

1.      <u>Confirmation Hearing</u>

On September 25, 2015, the Bankruptcy Court entered an Order [Docket No. 433] (the "<u>Conditional Approval and Procedures Order</u>") conditionally approving the Combined Disclosure Statement for solicitation purposes only and authorizing the Debtors to solicit the Combined Disclosure Statement and Plan.  The Confirmation Hearing has been scheduled for November 3, 2015 at 2:00 p.m. (ET) at the Bankruptcy Court, 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801 to consider (i) final approval of the Combined Disclosure Statement and Plan as providing adequate information pursuant to section 1125 of the Bankruptcy Code and (ii) confirmation of the Combined Disclosure Statement and Plan pursuant to section 1129 of the Bankruptcy Code.  The Confirmation Hearing may be adjourned from time to time by the Debtors without further notice, except for an announcement of the adjourned date made at the Confirmation Hearing or by Filing a notice with the Bankruptcy Court.

2.      <u>Procedure for Objections</u>

Any objection to final approval of the Combined Disclosure Statement and Plan as providing adequate information pursuant to section 1125 of the Bankruptcy Code and/or confirmation of the Combined Disclosure Statement and Plan must be made in writing and filed with the Bankruptcy Court and served on (a) the Debtors' counsel, (i) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE 19801, Attn: Russell C. Silberglied and Zachary I. Shapiro and (ii) Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Tyson M. Lomazow and Matthew Brod, (b) counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn:  Seth Van Aalten, (c) counsel to FSR, Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, New Jersey 07923 Attn:  Robert K. Malone and Howard A. Cohen, and (d) the United States

Trustee, 844 King Street, Suite 2207, Lockbox #35, Wilmington, DE 19801, Attn: Juliet M. Sarkessian and Hannah M. McCollum, in each case, by no later than **October 27, 2015 at 4:00 p.m. (ET).  Unless an objection is timely filed and served, it may not be considered by the Bankruptcy Court at the Confirmation Hearing.**

      3.      <u>Requirements for Confirmation</u>

      The Bankruptcy Court will confirm the Combined Disclosure Statement and Plan only if it meets all the applicable requirements of section 1129 of the Bankruptcy Code.  Among other requirements, the Combined Disclosure Statement and Plan (i) must be accepted by all impaired Classes of Claims and Equity Interests or, if rejected by an impaired Class, the Combined Disclosure Statement and Plan must not "discriminate unfairly" against and be "fair and equitable" with respect to such Class; and (ii) must be feasible.  The Bankruptcy Court must also find that:

      a.   the Combined Disclosure Statement and Plan has classified Claims and Equity Interests in a permissible manner;

      b.   the Combined Disclosure Statement and Plan complies with the technical requirements of Chapter 11 of the Bankruptcy Code; and

      c.   the Combined Disclosure Statement and Plan has been proposed in good faith.

      4.      <u>Classification of Claims and Equity Interests</u>

      Section 1122 of the Bankruptcy Code requires the Combined Disclosure Statement and Plan to place a Claim or Equity Interest in a particular Class only if such Claim or Equity Interest is substantially similar to the other Claims or Equity Interests in such class.  The Combined Disclosure Statement and Plan creates separate Classes to deal respectively with

RLF1 13190551v.1

secured Claims, unsecured Claims and Equity Interests. The Plan Proponents believe that the Combined Disclosure Statement and Plan's classifications place substantially similar Claims or Equity Interests in the same Class and thus, meet the requirements of section 1122 of the Bankruptcy Code.

5.      Impaired Claims or Equity Interests

Pursuant to section 1126 of the Bankruptcy Code, only the Holders of Claims in Classes impaired by the Combined Disclosure Statement and Plan and receiving a payment or Distribution under the Combined Disclosure Statement and Plan may vote on the Combined Disclosure Statement and Plan. Pursuant to section 1124 of the Bankruptcy Code, a Class of Claims may be impaired if the Combined Disclosure Statement and Plan alters the legal, equitable or contractual rights of the Holders of such Claims or Equity Interests treated in such Class. The Holders of Claims not impaired by the Combined Disclosure Statement and Plan are deemed to accept the Combined Disclosure Statement and Plan and do not have the right to vote on the Combined Disclosure Statement and Plan. The Holders of Claims or Equity Interests in any Class which will not receive any payment or Distribution or retain any property pursuant to the Combined Disclosure Statement and Plan are deemed to reject the Combined Disclosure Statement and Plan and do not have the right to vote. Finally, the Holders of Claims or Equity Interests whose Claims or Equity Interests are not classified under the Combined Disclosure Statement and Plan are not entitled to vote on the Combined Disclosure Statement and Plan.

6.      Feasibility

Section 1129(a)(11) of the Bankruptcy Code requires that confirmation of a plan not be likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors (unless such liquidation or reorganization is

46

proposed in the Combined Disclosure Statement and Plan). Because the Combined Disclosure Statement and Plan proposes a liquidation of all of the Debtors' assets, for purposes of this test, the Debtors have analyzed the ability of the Plan Administrator to meet its obligations under the Combined Disclosure Statement and Plan. Based on the Debtors' analysis, the Plan Administrator will have sufficient assets to accomplish its tasks under the Combined Disclosure Statement and Plan. Therefore, the Plan Proponents believe that the liquidation pursuant to the Combined Disclosure Statement and Plan will meet the feasibility requirements of the Bankruptcy Code.

7.      Eligibility to Vote on the Combined Disclosure Statement and Plan

Unless otherwise Ordered by the Bankruptcy Court, only Holders of Allowed Claims in Classes 1 and 4 may vote on the Combined Disclosure Statement and Plan. Further, subject to the tabulation procedures that were approved by the Conditional Approval and Procedures Order, in order to vote on the Combined Disclosure Statement and Plan, you must hold an Allowed Claim in Classes 1 or 4, or be the Holder of a Claim in either such Class that has been temporarily Allowed for voting purposes only under Bankruptcy Rule 3018(a).

8.      Solicitation Notice

All Holders of Allowed Claims in Class 1 and/or 4 will receive (i) notice of the Confirmation Hearing on the Combined Disclosure Statement and Plan (the "Confirmation Notice"), (ii) a form of ballot, and (iii) a letter from the Committee urging the Holders of Allowed General Unsecured Claims to vote to accept the Combined Disclosure Statement and Plan. All other Creditors and parties in interest not entitled to vote on the Combined Disclosure Statement and Plan will only receive a copy of the Confirmation Notice.

9.      Procedure/Voting Deadlines

In order for your ballot to count, you must either (1) complete an electronic ballot at http://www.kccllc.net/fredericks or (2) complete, date, sign and properly mail, courier or personally deliver a paper ballot (please note that envelopes are not included with the ballot) to the Claims and Balloting Agent at the following address: Frederick's Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. BALLOTS SENT BY FACSIMILE TRANSMISSION OR E-MAIL ARE NOT ALLOWED AND WILL NOT BE COUNTED.

Ballots must be submitted electronically, or the Claims and Balloting Agent must RECEIVE physically original ballots by mail or overnight delivery, on or before **October 26, at 4:00 p.m. (prevailing Pacific Time)** (the "Voting Deadline"). (Subject to the tabulation procedures approved by the Conditional Approval and Procedures Order, you may not change your vote once a ballot is submitted electronically or the Claims and Balloting agent receives your original paper ballot.)

Subject to the tabulation procedures approved by the Conditional Approval and Procedures Order, any ballot that is timely and properly submitted electronically or received physically will be counted and will be deemed to be cast as an acceptance, rejection or abstention, as the case may be, of the Combined Disclosure Statement and Plan.

10.    Acceptance of the Combined Disclosure Statement and Plan.

As a Creditor, your acceptance of the Combined Disclosure Statement and Plan is important. In order for the Combined Disclosure Statement and Plan to be accepted by an impaired Class of Claims, a majority in number (*i.e.*, more than half) and two-thirds in dollar amount of the Claims voting (of each impaired Class of Claims) must vote to accept the Combined Disclosure Statement and Plan. At least one impaired Class of Creditors, excluding

the votes of insiders, must actually vote to accept the Combined Disclosure Statement and Plan. The Plan Proponents urge that you vote to accept the Combined Disclosure Statement and Plan. The Committee, who is also one of the Plan Proponents, supports the Combined Disclosure Statement and Plan and urges Holders of Class 4 Claims to accept the Combined Disclosure Statement and Plan. A letter from the Committee expressing its support for the Combined Disclosure Statement and Plan is included in the solicitation package you received. **YOU ARE URGED TO COMPLETE, DATE, SIGN AND PROMPTLY SUBMIT YOUR BALLOT. PLEASE BE SURE TO COMPLETE THE BALLOT PROPERLY AND LEGIBLY IDENTIFY THE EXACT AMOUNT OF YOUR CLAIM AND THE NAME OF THE CREDITOR.**

11.    Elimination of Vacant Classes.

Any Class of Claims or Equity Interests that does not contain, as of the date of commencement of the Confirmation Hearing, a Holder of an Allowed Claim or Equity Interest, or a Holder of a Claim temporarily allowed under Bankruptcy Rule 3018, shall be deemed deleted from the Combined Disclosure Statement and Plan for all purposes, including for purposes of determining acceptance of the Combined Disclosure Statement and Plan by such Class under Section 1129(a)(8) of the Bankruptcy Code.

## VI. TREATMENT OF UNCLASSIFIED CLAIMS

**A.    Administrative Expense Bar Date**

Requests for payment of Administrative Expense Claims (other than 503(b)(9) Claims, which are subject to the General Bar Date, Professional Claims and the Claims of Governmental Units arising under section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code) must be filed no later than the Administrative Expense Bar Date. Unless otherwise Ordered by

the Court, Holders of Administrative Expense Claims (other than the Holders of 503(b)(9) Claims, Professional Claims and the Claims of Governmental Units arising under section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code) that do not file requests for the allowance and payment thereof on or before the Administrative Expense Bar Date shall forever be barred from asserting such Administrative Expense Claims against the Debtors or their Estates.

**B.** **Administrative Expense Claims**

Except to the extent that any Entity entitled to payment of an Allowed Administrative Expense Claim agrees to a different treatment, each Holder of an Allowed Administrative Expense Claim shall receive Cash in an amount equal to such Allowed Administrative Expense Claim on the Effective Date or seven (7) Business Days after the entry of a Final Order Allowing such Administrative Expense Claim, or as soon thereafter as is practicable. Such payments to Holders of Allowed Administrative Expense Claims shall be paid by the Debtors from the Unsecured Creditor Fund.

**C.** **Priority Tax Claims**

Each Holder of an Allowed Priority Tax Claim, if any, shall receive in full satisfaction of such Allowed Priority Tax Claim (a) payment in Cash equal to the unpaid portion of such Allowed Priority Tax Claim on the Effective Date or within seven (7) Business Days after such Allowed Priority Tax Claim becomes an Allowed Claim, whichever is later, or as soon thereafter as is practicable; or (b) Cash in an amount agreed to by the Plan Administrator and such Holder.

**D.** **Professional Claims**

All requests for compensation or reimbursement of Professionals retained in these Chapter 11 Cases for services performed and expenses incurred prior to the Effective Date shall

RLF1 13190551v.1

be filed and served on (a) the Debtors' counsel, (i) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE 19801, Attn: Russell C. Silberglied and Zachary I. Shapiro and (ii) Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Tyson M. Lomazow and Matthew Brod, (b) counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn:  Seth Van Aalten, (c) counsel to FSR, Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, New Jersey 07923 Attn:  Robert K. Malone and Howard A. Cohen, and (d) the United States Trustee, 844 King Street, Suite 2207, Lockbox #35, Wilmington, DE 19801, Attn: Juliet M. Sarkessian and Hannah M. McCollum, and such other entities who are designated by the Bankruptcy Rules, the Confirmation Order, or other Order of the Court, by no later than forty-five (45) days after the Effective Date, unless otherwise agreed by the Debtors.  Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed and paid in the ordinary course of business without any further notice to, or action, Order, or approval of, the Court.

## E.   **Intercompany Claims**

All Intercompany Claims shall be disallowed pursuant to this Combined Disclosure Statement and Plan and shall be cancelled as of the Effective Date.

## F.   **Payment of Statutory Fees.**

All fees due and payable pursuant to section 1930 of title 28 of the United States Code prior to the Effective Date shall be paid by the Debtors on the Effective Date.  After the Effective Date, the Plan Administrator shall pay any and all such fees when due and payable, and shall file with the Bankruptcy Court quarterly reports in a form reasonably acceptable to the

51

United States Trustee. Notwithstanding the limited substantive consolidation of the Debtors called for in the Combined Disclosure Statement and Plan, each and every one of the Debtors shall remain obligated to pay quarterly fees to the United States Trustee until the earliest of that particular Debtor's case being closed, dismissed or converted to a case under chapter 7 of the Bankruptcy Code.

## VII. CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS; ESTIMATED RECOVERIES

Equity Interests and Claims, other than Administrative Expense Claims, Priority Tax Claims and Intercompany Claims, are classified for all purposes, including voting, confirmation and Distribution pursuant to the Combined Disclosure Statement and Plan, as follows:

| Class | Type | Status Under Plan | Voting Status |
|-------|------|-------------------|---------------|
| 1 | Prepetition Lenders Secured Claims | Impaired | Entitled to Vote |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Equity Interests in FOHG | Impaired | Deemed to Reject |
| 6 | Equity Interests in Other Debtors | Unimpaired | Deemed to Accept |

## VIII. TREATMENT OF CLAIMS AND EQUITY INTERESTS

### A.   Treatment of Claims

1.   *CLASS 1 – PREPETITION LENDERS SECURED CLAIMS*

RLF1 13190551v.1

a.      <u>Classification</u>

Class 1 consists of the Prepetition Lenders Secured Claims.

b.      <u>Impairment and Voting</u>

Class 1 is impaired by the Combined Disclosure Statement and Plan.  The Holders of Class 1 Claims are entitled to vote to accept or reject the Combined Disclosure Statement and Plan.

c.      <u>Treatment</u>

FSR is the only Holder of the Prepetition Lenders Secured Claims.  On the Effective Date, the Debtors' rights and obligations under the Revenue Sharing Agreement shall be deemed assigned to FSR without any further action.  In addition, FSR shall also receive any Additional Estate Cash, subject to the funding of the Unsecured Creditor Fund.

2.      *CLASS 2 – OTHER SECURED CLAIMS*

a.      <u>Classification</u>

Class 2 consists of all Other Secured Claims, if any.

b.      <u>Impairment and Voting</u>

Class 2 is Unimpaired by the Combined Disclosure Statement and Plan.  Holders of Class 2 Claims are deemed to have accepted the Combined Disclosure Statement and Plan and, therefore, are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan.  The Debtors do not believe there are any Other Secured Claims.

c.      <u>Treatment</u>

Except to the extent that a Holder of an Allowed Other Secured Claim agrees to a less favorable or different treatment, on, or as soon as reasonably practical after, the Effective Date or the date such Claim becomes an Allowed Other Secured Claim, each Holder of such

53

Allowed Other Secured Claim shall receive, as the Debtors or the Plan Administrator, as applicable, determines, (i) Cash in an amount equal to such Allowed Other Secured Claim, or (ii) such other treatment that renders such Holder's Allowed Other Secured Claim unimpaired in accordance with section 1124(1) or (2) of the Bankruptcy Code.

3.    *CLASS 3 – PRIORITY NON-TAX CLAIMS*

a.    Classification

Class 3 consists of Priority Non-Tax Claims.

b.    Impairment and Voting

Class 3 is unimpaired by the Combined Disclosure Statement and Plan. Holders of Allowed Priority Non-Tax Claims are conclusively presumed to have accepted the Combined Disclosure Statement and Plan and, therefore, are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan.

c.    Treatment

Except to the extent that a Holder of a Priority Non-Tax Claim agrees to a less favorable or different treatment, on, or as soon as reasonably practicable after, the later of the Effective Date or the date such Priority Non-Tax Claim becomes an Allowed Priority Non-Tax Claim, each Holder of an Allowed Priority Non-Tax Claim shall receive Cash in an amount equal to such Allowed Priority Non-Tax Claim.

4.    *CLASS 4 – GENERAL UNSECURED CLAIMS*

a.    Classification

Class 4 consists of General Unsecured Claims.

b.    Impairment and Voting

Class 4 is impaired by the Combined Disclosure Statement and Plan.  Holders of Allowed General Unsecured Claims are entitled to vote to accept or reject the Combined Disclosure Statement and Plan.

 c. Treatment

Each Holder of an Allowed General Unsecured Claim shall receive its Pro Rata share of the General Unsecured Creditor Cash Distribution; provided, however, that the Salus Entities, FSR, the HGI Entities, and each of their respective affiliates, successors and assigns shall not receive any Distribution from the General Unsecured Creditor Cash Distribution on account of their Allowed Claims.

5. *CLASS 5 -- EQUITY INTERESTS IN FOHG*

 a. Classification

Class 5 consists of the Equity Interests in FOHG.

 b. Impairment and Voting

Class 5 is impaired by the Combined Disclosure Statement and Plan.  Class 5 shall be deemed to have voted to reject the Combined Disclosure Statement and Plan.

 c. Treatment

On the Effective Date, all Equity Interests issued by FOHG (including any and all options or rights to exercise warrants or options or to otherwise acquire any Equity Interests in FOHG) shall be cancelled and one new membership interest in FOHG shall be issued to the Plan Administrator who shall hold such membership interest for the benefit of the Holders of such former Equity Interests consistent with their former economic entitlements.  Each Holder of an Equity Interest in FOHG shall neither receive nor retain any property or interest in property on account of such Equity Interests; provided, however, that in the event all Allowed Claims have

been satisfied in accordance with the Bankruptcy Code and the Combined Disclosure Statement and Plan, Holders of Equity Interests in FOHG may receive a Pro Rata Distribution of any remaining assets of the Debtors. It is not expected that any Distributions will be made to Holders of Equity Interests in FOHG. The rights of Holders in Class 5 shall be nontransferable.

6.  *CLASS 6 – EQUITY INTERESTS IN DEBTORS OTHER THAN FOHG*

a.  Classification

Class 6 consists of the Equity Interests in the Debtors other than FOHG.

b.  Impairment and Voting

Class 6 is unimpaired by the Combined Disclosure Statement and Plan. Holders of Class 6 Equity Interests are conclusively presumed to have accepted the Combined Disclosure Statement and Plan and, therefore, are not entitled to vote to accept or reject the Combined Disclosure Statement and Plan.

c.  Treatment

Except as may otherwise be provided in the Combined Disclosure Statement and Plan, the Equity Interests in Class 6 will be reinstated in their entirety.

**B.  Modification of Treatment of Claims and Equity Interests**

The Debtors or the Plan Administrator, as applicable, reserves the right to modify the treatment of any Allowed Claim in any manner adverse only to the Holder of such Claim at any time after the Effective Date upon the consent of the Holder of the Claim whose Allowed Claim, as the case may be, is being adversely affected.

**C.  Cramdown and No Unfair Discrimination**

In the event that any impaired Class of Claims or Equity Interests rejects the Combined Disclosure Statement and Plan or is deemed to have rejected the Combined

56

Disclosure Statement and Plan, the Plan Proponents hereby request, without any delay in the occurrence of the Confirmation Hearing or Effective Date, that the Bankruptcy Court confirm the Combined Disclosure Statement and Plan in accordance with section 1129(b) of the Bankruptcy Code with respect to such non-accepting Class, in which case the Combined Disclosure Statement and Plan shall constitute a motion for such relief.

Confirming the Combined Disclosure Statement and Plan under such a circumstance is what is known as a "cramdown". Among other things, a "cramdown" is appropriate where the Bankruptcy Court finds that it does not unfairly discriminate against the objecting classes and is fair and equitable with respect to those objecting classes. A plan unfairly discriminates against a class if another class of equal rank in priority will receive greater value under the plan than the nonaccepting class without reasonable justification. A plan is fair and equitable if no claim or interest junior to the objecting class shall receive or retain any claim or interest under the plan.

## IX. <u>PROVISIONS REGARDING THE PLAN ADMINISTRATOR</u>

### A. <u>Appointment of the Plan Administrator</u>

On the Effective Date, a Plan Administrator, who shall be jointly selected by the Debtors and the Committee no later than ten (10) business days prior to the Voting Deadline, shall be appointed and thereafter serve in accordance with this Combined Disclosure Statement and Plan. The Plan Administrator shall not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court. No later than ten (10) business days prior to the Voting Deadline, the Debtors shall file with the Bankruptcy Court a notice identifying the Plan Administrator and the material terms of the Plan Administrator's compensation.

RLF1 13190551v.1

**B.**    <u>Rights and Powers of the Plan Administrator</u>

The Plan Administrator shall, in addition to any powers and authority specifically set forth in other provisions of the Combined Disclosure Statement and Plan, be empowered to (i) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Combined Disclosure Statement and Plan, (ii) establish, as necessary, disbursement accounts for the deposit and distribution of all amounts distributed under the Combined Disclosure Statement and Plan, (iii) make Distributions in accordance with the Combined Disclosure Statement and Plan, (iv) object to Claims, as appropriate, (v) employ and compensate professionals to represent it with respect to its responsibilities, (vi) assert any of the Debtors' claims, Causes of Action, rights of setoff, or other legal or equitable defenses, and (vii) exercise such other powers as may be vested in the Plan Administrator by order of the Bankruptcy Court, pursuant to the Combined Disclosure Statement and Plan, or as deemed by the Plan Administrator to be necessary and proper to implement the provisions hereof.  The Plan Administrator may take any and all actions which it deems reasonably necessary or appropriate to defend against any Claim, including, without limitation, the right to: (a) exercise any and all judgment and discretion with respect to the manner in which to defend against or settle any Claim, including, without limitation, the retention of professionals, experts and consultants; and (b) enter into a settlement agreement or agreements without Bankruptcy Court-approval.  Upon the later of the Effective Date and the appointment of the Plan Administrator, the Debtors will have no other officers, directors or managers.

**C.**    <u>Post Confirmation Date Expenses of the Plan Administrator</u>

The Plan Administrator shall receive reasonable compensation for services rendered pursuant to the Combined Disclosure Statement and Plan without further Court order;

provided, however, that the material terms of such compensation shall be disclosed pursuant to Article IX.A. above.  In addition, the amount of reasonable fees and expenses incurred by the Plan Administrator on or after the Effective Date (including, without limitation, reasonable attorney and professional fees and expenses) may be paid without further Court order.

## X. PROVISIONS GOVERNING DISTRIBUTIONS UNDER THE COMBINED DISCLOSURE STATEMENT AND PLAN

### A.   Method of Payment

Unless otherwise expressly agreed, in writing, all Cash payments to be made pursuant to the Combined Disclosure Statement and Plan shall be made by check drawn on a domestic bank or an electronic wire.

### B.   Objections to and Resolution of Claims

The Plan Administrator shall have the right to file objections and/or motions to estimate any and all Claims after the Effective Date.  The Plan Administrator shall have the authority to compromise, settle, otherwise resolve or withdraw any objections, without approval of the Bankruptcy Court.  The Plan Administrator shall further have the authority to resolve and settle any and all Claims without approval of the Bankruptcy Court.

### C.   Claims Objection Deadline

The Plan Administrator, and any other party in interest to the extent permitted pursuant to section 502(a) of the Bankruptcy Code, shall file and serve any objection to any Claims, including Administrative Expense Claims, no later than the Claims Objection Deadline; provided, however, the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by the Plan Administrator.

**D.**    **No Distribution Pending Allowance**

Notwithstanding any other provision of the Combined Disclosure Statement and Plan, no payment or Distribution of Cash or other property shall be made with respect to any portion of a Disputed Claim unless and until all objections to such Claim are resolved by Final Order or as otherwise permitted by this Combined Disclosure Statement and Plan.

**E.**    **Claims Reserve**

On any date that Distributions are to be made under the terms of the Combined Disclosure Statement and Plan, the Plan Administrator shall reserve Cash or property equal to 100% of the Cash or property that would be distributed on such date on account of Disputed Claims as if each such Disputed Claim were an Allowed Claim but for the pendency of a dispute with respect thereto.  Such Cash or property, as the case may be, shall be held in trust for the benefit of the Holders of all such Disputed Claims pending determination of their entitlement thereto.

**F.**    **Distribution After Allowance**

Within the later of (i) seven (7) Business Days after such Claim becomes an Allowed Claim and (ii) thirty (30) days after the expiration of the Claims Objection Deadline, the Plan Administrator shall distribute all Cash or other property to which a Holder of an Allowed Claim is then entitled.

**G.**    **Delivery of Distributions**

Except as provided herein, Distributions to Holders of Allowed Claims shall be made: (1) at the addresses set forth on the respective proofs of Claim Filed by such holders; (2) at the addresses set forth in any written notices of address changes delivered to the Plan Administrator after the date of any related Proof of Claim; or (3) at the address reflected in the

Schedules if no Proof of Claim is filed and the Plan Administrator has not received a written notice of a change of address.

If the Distribution to the Holder of any Claim is returned to the Plan Administrator as undeliverable, no further distribution shall be made to such Holder unless and until the Plan Administrator is notified in writing of such Holder's then current address. Undeliverable Distributions shall remain in the possession of the Plan Administrator until the earlier of (i) such time as a Distribution becomes deliverable or (ii) such undeliverable Distribution becomes an Unclaimed Distribution.

Until such time as an undeliverable Distribution becomes an Unclaimed Distribution, within 30 days after the end of each calendar quarter following the Effective Date, or upon such other interval as the Bankruptcy Court may order, but in no event less frequently than annually, the Plan Administrator shall make Distributions of all Cash and property that has become deliverable during the preceding quarter.

The Plan Administrator shall make reasonable efforts to update or correct contact information for recipients of undeliverable Distributions; provided, however, nothing contained in the Combined Disclosure Statement and Plan shall require the Plan Administrator to locate any Holder of an Allowed Claim.

**H.      Unclaimed Distributions**

Any Cash or other property to be distributed under the Combined Disclosure Statement and Plan shall revert to the Plan Administrator or the Debtors, as applicable, if it is not claimed by the Entity on or before the Unclaimed Distribution Deadline.  If such Cash or other property is not claimed on or before the Unclaimed Distribution Deadline, the Distribution made to such Entity shall be deemed to be reduced to zero.

RLF1 13190551v.1

I.      *De Minimis* **Distributions**

The Plan Administrator shall not distribute cash to the Holder of an Allowed Claim in an impaired Class if the amount of Cash to be distributed on account of such Claim is less than $50.00 in the aggregate; provided, however, that in the case of a Gift Card / Merchandise Credit Claim, the amount of Cash must be less than $10.00 in the aggregate. Any holder of an Allowed Claim on account of which the amount of Cash to be distributed is less than $50.00 (or in the case of a Gift Card / Merchandise Credit Claim, $10.00) in the aggregate will be forever barred from asserting its Claim for such distribution against the Plan Administrator or its property.   Any Cash not distributed pursuant to this Article X of the Combined Disclosure Statement and Plan will be the property of the Estates.

J.      **Setoff**

The Debtors or the Plan Administrator, as the case may be, retain the right, subject to any applicable notice provisions under applicable law, to reduce any Claim by way of setoff in accordance with their books and records.

K.      **Postpetition Interest**

Interest shall not accrue on any Claims, and no Holder of a Claim shall be entitled to interest accruing on or after the Filing Date. No prepetition Claim shall be Allowed to the extent it is for postpetition interest or other similar charges, except to the extent permitted for Holders of secured Claims under section 506(b) of the Bankruptcy Code.

L.      **Allocation of Distributions Between Principal and Interest**

For Distributions in respect of Allowed Prepetition Lenders Secured Claims and Allowed General Unsecured Claims, to the extent that any such Allowed Claim entitled to a Distribution under the Combined Disclosure Statement and Plan is comprised of indebtedness

and accrued but unpaid interest thereon, such Distribution shall be allocated to the principal amount (as determined for federal income tax purposes) of the Claim first, and then to accrued but unpaid interest.

## XI. **IMPLEMENTATION AND EFFECT OF CONFIRMATION OF COMBINED DISCLOSURE STATEMENT AND PLAN**

### A.    **Means for Implementation of the Combined Disclosure Statement and Plan**

In addition to the provisions set forth elsewhere in the Combined Disclosure Statement and Plan, the following shall constitute the means for implementation of the Combined Disclosure Statement and Plan:

1.    <u>Limited Substantive Consolidation</u>.  The Combined Disclosure Statement and Plan provides for the limited substantive consolidation of the Debtors' Estates, but solely for the purposes of this Combined Disclosure Statement and Plan, including voting on this Combined Disclosure Statement and Plan by the Holders of Claims and making any Distributions to Holders of Claims.  Specifically, on the Effective Date, (i) all assets and liabilities of the Debtors will, solely for voting and Distribution purposes, be treated as if they were merged, (ii) each Claim against the Debtors will be deemed a single Claim against and a single obligation of the Debtors, (iii) any Claims filed or to be filed in the Chapter 11 Cases will be deemed single Claims against all of the Debtors, (iv) all guarantees of any Debtor of the payment, performance, or collection of obligations of any other Debtor shall be eliminated and canceled, (v) all transfers, disbursements and Distributions on account of Claims made by or on behalf of any of the Debtors' Estates hereunder will be deemed to be made by or on behalf of all of the Debtors' Estates, and (vi) any obligation of the Debtors as to Claims will be deemed to be one obligation of all of the Debtors. Holders of Allowed Claims entitled to Distributions under this Combined

63

Disclosure Statement and Plan shall be entitled to their share of assets available for Distribution to such Claim without regard to which Debtor was originally liable for such Claim. Except as set forth herein, such limited substantive consolidation shall not (other than for purposes related to this Combined Disclosure Statement and Plan) affect the legal and corporate structures of the Debtors.

The Debtors propose limited substantive consolidation to avoid the inefficiency of proposing and voting in respect of Entity-specific Claims for which there would be no impact on Distributions. Such limited substantive consolidation has been approved by the Bankruptcy Court under similar circumstances. *See, e.g., In re Accuride Corp.*, 2010 WL 5093173, at * 10 (Bankr. D. Del. Feb. 18, 2010); *In re Kaiser Aluminum Corp.*, 2006 WL 616243, at *22 (Bankr. D. Del. Feb. 6, 2006). Moreover, the Plan Proponents also submit that such limited substantive consolidation is appropriate under the circumstances because, due to the Debtors' organizational structure and the manner in which they did business prior to the Filing Date, the Debtors' assets and liabilities are so intertwined that separating them is prohibitive and would harm all creditors. *See In re Owens Corning*, 419 F. 3d 195, 211 (3d Cir. 2007).

2. <u>Funding of Liabilities and Distributions.</u> Allowed Claims (other than Prepetition Lenders Secured Claims) and any amounts necessary to wind down the Debtors' Estates shall be paid from the Unsecured Creditor Fund, subject to the limitations and qualifications described herein. FSR, as the only Holder of the Prepetition Lenders Secured Claims, shall, by way of assignment, receive the Debtors' interest in the Revenue Sharing Agreement.

3. <u>Corporate Action; Effectuating Documents; Further Transactions</u>. On the Effective Date, all matters and actions provided for under the Combined Disclosure Statement and Plan that would otherwise require approval of the directors and officers, or members or

managers of the Debtors shall be deemed to have been authorized and effective in all respects as provided herein and shall be taken without any requirement for further action by the directors and officers, members and managers of the Debtors. The Debtors or the Plan Administrator, as applicable, are authorized to execute, deliver, file or record such contracts, instruments, releases, and other agreements or documents and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Combined Disclosure Statement and Plan.

## XII. <u>EXCULPATION, RELEASES AND INJUNCTIONS</u>

A.     **Exculpation.** The Debtors, the Debtors' post-Filing Date and pre-Effective Date Related Parties, the Committee, the members of the Committee in their capacity as such, the individuals who sat on the Committee in their capacity as such, and the Committee's retained professionals in the Chapter 11 Cases, shall not have or incur, and are hereby released from, any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability to one another or to any Holder of any Claim or Equity Interest, or any other party-in-interest, or any of their respective Related Parties, for any act or omission originating or occurring on or after the Filing Date through and including the Effective Date in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan, except for their willful misconduct or gross negligence or any obligations that they have under or in connection with this Combined

Disclosure Statement and Plan or the transactions contemplated in this Combined Disclosure Statement and Plan. Nothing herein shall prevent any exculpated party from asserting as a defense to any claim of willful misconduct or gross negligence that they reasonably relied upon the advice of counsel with respect to their duties and responsibilities under the Combined Disclosure Statement and Plan or otherwise.

B.    **Releases By the Debtors.** **Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors and each of the Debtors' successors and assigns, shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties and each Debtor's Related Parties from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be distributed under this Combined Disclosure Statement and Plan.**

C.    **Third Party Releases.** **Effective as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Releasing Parties and each Holder of a Claim that votes in favor of the Combined Disclosure Statement and Plan shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever release, waive, void and extinguish the Released Parties, the Debtors and the Debtors'**

66

Related Parties, from any claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability, for any act or omission (i) that took place prior to the Filing Date relating to and/or in connection with any of the Debtors, and (ii) in connection with, relating to, or arising out of the Chapter 11 Cases, the negotiation and Filing of this Combined Disclosure Statement and Plan, the Filing of the Chapter 11 Cases, the settlement of Claims or renegotiation of Executory Contracts and leases, the pursuit of confirmation of this Combined Disclosure Statement and Plan, the consummation of this Combined Disclosure Statement and Plan, or the administration of this Combined Disclosure Statement and Plan or the property to be Distributed under this Combined Disclosure Statement and Plan.

D.     **Injunctions Relating to Releases.** Effective as of the Effective Date, all Persons that hold, have held or may hold a claim, Claim, Cause of Action, obligation, suit, judgment, damages, debt, right, remedy or liability of any nature whatsoever, that is released pursuant to this Combined Disclosure Statement and Plan, shall be permanently, forever and completely stayed, restrained, prohibited, barred and enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such released claims, Claims, Causes of Action, obligations, suits, judgments, damages, debts, rights, remedies or liabilities, (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum, (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order, (iii) creating, perfecting or in any way enforcing in any matter, directly or

**indirectly, any lien, (iv) setting off (except to the extent such setoff was exercised prior to the Filing Date), seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Person released under this Combined Disclosure Statement and Plan, and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Combined Disclosure Statement and Plan or the Confirmation Order.**

## XIII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**A.**    **Rejection of Executory Contracts and Unexpired Leases**

On the Effective Date, all Executory Contracts and unexpired leases not assumed before the Effective Date, or subject to a pending motion to assume as of the Effective Date, will be deemed rejected.  The Confirmation Order shall constitute an order approving such rejection as of the Effective Date.  For the avoidance of doubt, the Revenue Sharing Agreement shall not be rejected pursuant to this section or otherwise.

**B.**    **Deadline for Filing Proofs of Claim Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Combined Disclosure Statement and Plan**

If the rejection by the Debtors of an Executory Contract or unexpired lease pursuant to the Combined Disclosure Statement and Plan gives rise to a Claim, a proof of claim must be filed with the Claims and Balloting Agent at Frederick's Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, by no later than twenty (21) days after service of the notice of the Effective Date. Any proofs of Claim not filed and served within such time period will be forever barred from assertion against the

68

Debtors and their Estates.  Unless otherwise Ordered by the Bankruptcy Court, all Claims arising from the rejection of Executory Contracts and unexpired leases shall be treated as General Unsecured Claims under the Combined Disclosure Statement and Plan.  For the avoidance of doubt, any Claims arising from the rejection of an Executory Contract or unexpired lease pursuant to a separate motion are subject to the Rejection Bar Date.

## XIV. CONDITIONS TO THE EFFECTIVE DATE

**A.**     **Conditions Precedent to the Effective Date**

The Combined Disclosure Statement and Plan shall not become effective unless and until the following conditions shall have been satisfied or waived:

1.     The Confirmation Order shall have become a Final Order, and shall be acceptable to the Plan Proponents.

2.     The Plan Administrator shall be duly appointed, qualified and acting in that capacity.

**B.**     **Establishing the Effective Date**

The calendar date to serve as the Effective Date shall be a Business Day of, on or promptly following the satisfaction or waiver of all conditions to the Effective Date, which date will be selected by the Debtors, after reasonable consultation with the other Plan Proponents. On or within two (2) Business Days of the Effective Date, the Debtors shall file and serve a notice of occurrence of the Effective Date.  Such notice shall contain, among other things, the Administrative Expense Bar Date, the deadline by which Professionals must file and serve any Professional Claims and the deadline to file a proof of claim relating to damages from the rejection of any Executory Contract or unexpired lease pursuant to the terms of the Combined Disclosure Statement and Plan.

69

C.  **Effect of Failure of Conditions**

If each condition to the Effective Date has not been satisfied or duly waived within forty-five (45) days after the Confirmation Date, then upon motion by any party in interest, made before the time that each of the conditions has been satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may direct, the Confirmation Order may be vacated by the Bankruptcy Court; provided, however, that notwithstanding the filing of such motion, the Confirmation Order shall not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived by the Plan Proponents before any Order granting such relief becomes a Final Order. If the Confirmation Order is vacated pursuant to this section, the Combined Disclosure Statement and Plan shall be deemed null and void in all respects and nothing contained herein shall (A) constitute a waiver or release of any Claims by or against the Debtors, or (B) prejudice in any manner the rights of the Debtors.

D.  **Waiver of Conditions to Confirmation and Effective Date**

Each of the conditions to the Effective Date may be waived, in whole or in part, by mutual agreement of the Plan Proponents, without notice or an Order of the Bankruptcy Court.

## XV. RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, following the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including, without limitation, such jurisdiction as is necessary to ensure that the interests and purposes of the Combined Disclosure Statement and Plan are carried out. The Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Cases and the Combined Disclosure

Statement and Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

1.    To hear and determine any objections to Claims and to address any issues relating to Disputed Claims;

2.    To enter and implement such Orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

3.    To issue such Orders in aid of execution and consummation of the Combined Disclosure Statement and Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

4.    To consider any amendments to or modifications of the Combined Disclosure Statement and Plan, to cure any defect or omission, or reconcile any inconsistency in any Order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

5.    To hear and determine all requests for compensation and reimbursement of expenses to the extent Allowed by the Bankruptcy Court under section 330 or 503 of the Bankruptcy Code;

6.    To hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Combined Disclosure Statement and Plan;

7.    To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code (including, without limitation, any request by the Debtors or the Plan Administrator for an expedited determination of tax under section 505(b) of the Bankruptcy Code);

8.    To hear any other matter not inconsistent with the Bankruptcy Code;

9.    To enter a final decree closing the Chapter 11 Cases;

71

10.    To ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Combined Disclosure Statement and Plan;

11.    To decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications involving the Debtors that may be pending on the Effective Date;

12.    To issue injunctions, enter and implement other Orders or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or enforcement of the Combined Disclosure Statement and Plan, except as otherwise provided herein;

13.    To determine any other matters that may arise in connection with or related to the Combined Disclosure Statement and Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or other agreement or document created or implemented in connection with the Combined Disclosure Statement and Plan or the Disclosure Statement;

14.    To hear any disputes and determine any other matters that may arise in connection with or related to the Sale Order or any contract, instrument, release, indenture or other agreement or document created or implemented in connection with the Sale Order;

15.    To enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, exculpations, and rulings entered in connection with the Chapter 11 Cases (whether or not the Chapter 11 Cases have been closed);

16.    To resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof;

17.      To resolve any disputes concerning whether a Person or Entity had sufficient notice of the Chapter 11 Cases, the General Bar Date, the Governmental Unit Bar Date, the Rejection Bar Date, the Administrative Expense Bar Date, and/or the conditional or final hearing on the approval of the Combined Disclosure Statement and Plan for the purpose of determining whether a Claim, or Equity Interest is released, satisfied and/or enjoined hereunder or for any other purpose; and

18.      To resolve any other matter or for any purpose specified in the Combined Disclosure Statement and Plan, the Confirmation Order, or any other document entered into in connection with any of the foregoing.

## XVI. MISCELLANEOUS PROVISIONS

### A.      Avoidance Actions

Pursuant to the Global Settlement, all Avoidance Actions shall be deemed waived and released as of the Effective Date.

### B.      Books and Records

On the Effective Date, the Debtors' books and records (the "Books and Records") shall be transferred to the Plan Administrator.  The Plan Administrator shall be free, in its discretion to abandon, destroy, or otherwise dispose of the Books and Records in compliance with applicable non-bankruptcy law at any time on and after the Effective Date, without the need for any other or further Order.

### C.      Revesting of Debtors' Assets

Except as otherwise provided herein, any assets that are property of the Debtors' Estates on the Effective Date including, without limitation, any Causes of Action, shall revest in the Debtors on the Effective Date.  Thereafter, the Debtors (through the Plan Administrator) may operate their business and may use, acquire, and dispose of such property free of any restrictions

73

of the Bankruptcy Code, the Bankruptcy Rules, or Bankruptcy Court approval. Except as specifically provided in the Combined Disclosure Statement and Plan or the Confirmation Order, as of the Effective Date, all property of the Debtors shall be free and clear of any liens, Claims, encumbrances and interests of any kind.

**D.      Termination of Injunctions or Stays**

Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Cases under Bankruptcy Code Sections 105 or 362 or otherwise, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date, at which time the injunctions and stays set forth herein shall take effect.

**E.      Amendment or Modification of the Combined Disclosure Statement and Plan**

Alterations, amendments or modifications of the Combined Disclosure Statement and Plan may be proposed in writing by the Plan Proponents, at any time before the Confirmation Date, provided that the Combined Disclosure Statement and Plan, as altered, amended or modified, satisfies the conditions of sections 1122 and 1123 of the Bankruptcy Code, and the Debtors shall have complied with section 1125 of the Bankruptcy Code.

**F.      Severability**

In the event the Bankruptcy Court determines, before the Confirmation Date, that any provision in the Combined Disclosure Statement and Plan is invalid, void or unenforceable, such provision shall be invalid, void or unenforceable with respect to the Holder or Holders of such Claims or Equity Interest as to which the provision is determined to be invalid, void or unenforceable.  The invalidity, voidability or unenforceability of any such provision shall in no

74

way limit or affect the enforceability and operative effect of any other provision of the Combined Disclosure Statement and Plan.

**G.**   **Revocation or Withdrawal of the Combined Disclosure Statement and Plan**

The Plan Proponents, by mutual agreement, reserve the right to revoke or withdraw the Combined Disclosure Statement and Plan before the Confirmation Date.  If the Plan Proponents revoke or withdraw the Combined Disclosure Statement and Plan before the Confirmation Date, then the Combined Disclosure Statement and Plan shall be deemed null and void.  In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims by or against the Debtors or Plan Administrator or to prejudice in any manner the rights of either of the Debtors or Plan Administrator in any further proceedings involving the Debtors.

**H.**   **Binding Effect**

The Combined Disclosure Statement and Plan shall be binding upon and inure to the benefit of the Debtors, the Holders of Claims, and the Holders of Equity Interests, and their respective successors and assigns.

**I.**   **Notices**

All notices, requests and demands to or upon the Plan Administrator or the Debtors, as applicable, to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as shall be set forth in the notice of the Effective Date.

**J.**   **Governing Law**

Except to the extent the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Combined Disclosure Statement and Plan provides otherwise, the rights and obligations arising under the Combined Disclosure Statement and Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflicts of law of such jurisdiction.

RLF1 13190551v.1

**K.**   **Withholding and Reporting Requirements**

In connection with the consummation of the Combined Disclosure Statement and Plan, the Debtors and Plan Administrator shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions hereunder shall be subject to any such withholding and reporting requirements.  Notwithstanding the above, each Holder of an Allowed Claim that is to receive a Distribution under the Combined Disclosure Statement and Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on such Holder by any Governmental Unit, including income, withholding and other tax obligations, on account of such Distribution.  The Debtors and the Plan Administrator have the right, but not the obligation, to not make a Distribution until such Holder has made arrangements satisfactory to any disbursing party for payment of any such tax obligations.  The Debtors or Plan Administrator may require, as a condition to receipt of a Distribution, that the Holder of an Allowed Claim complete and return a Form W-8 or W-9, as applicable to each such Holder.  If the Debtors or Plan Administrator make such a request and the Holder fails to comply before the date that is 180 days after the request is made, the amount of such Distribution shall irrevocably revert to the Debtors and any Claim in respect of such Distribution shall be disallowed and forever barred from assertion against the Debtors or their respective property.

**L.**   **Headings**

Headings are used in the Combined Disclosure Statement and Plan for convenience and reference only, and shall not constitute a part of the Combined Disclosure Statement and Plan for any other purpose.

**M.**   **Exhibits/Schedules**

All exhibits and schedules to the Combined Disclosure Statement and Plan are incorporated into and are a part of the Combined Disclosure Statement and Plan as if set forth in full herein.

**N.**   **Filing of Additional Documents**

On or before substantial consummation of the Combined Disclosure Statement and Plan, the Debtors shall file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Combined Disclosure Statement and Plan.

**O.**   **No Admissions**

Notwithstanding anything herein to the contrary, nothing contained in the Combined Disclosure Statement and Plan shall be deemed as an admission by any Entity with respect to any matter set forth herein.

**P.**   **Successors and Assigns**

The rights, benefits and obligations of any Person or Entity named or referred to in the Combined Disclosure Statement and Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign of such Person or Entity.

**Q.**   **Reservation of Rights**

Except as expressly set forth herein, the Combined Disclosure Statement and Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order. None of the filing of the Combined Disclosure Statement and Plan, any statement or provision contained herein, or the taking of any action by the Debtors with respect to the Combined

RLF1 13190551v.1

Disclosure Statement and Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtors, Holders of Claims or Equity Interest before the Effective Date.

**R.    Implementation**

The Debtors shall take all steps, and execute all documents, including appropriate releases, necessary to effectuate the provisions contained in this Combined Disclosure Statement and Plan.

**S.    Inconsistency**

In the event of any inconsistency among the Combined Disclosure Statement and Plan and any other instrument or document created or executed pursuant to the Combined Disclosure Statement and Plan, the provisions of the Combined Disclosure Statement and Plan shall govern.

**T.    Dissolution of Debtors**

Upon the closing of the Chapter 11 Cases, the Debtors shall be deemed dissolved under applicable law without the need for filing any documents.

**U.    Dissolution of the Committee**

Upon the occurrence of the Effective Date, the Committee shall dissolve automatically, whereupon its members, professionals and agents shall be released from any duties and responsibilities in the Chapter 11 Cases and under the Bankruptcy Code (except with respect to (i) obligations arising under confidentiality agreements, which shall remain in full force and effect, (ii) applications for payment of fees and reimbursement of expenses of Professionals, and (iii) any pending motions or motions for other actions seeking enforcement of implementation of the provisions of the Combined Disclosure Statement and Plan).

RLF1 13190551v.1

V.    **Termination of the Plan Administrator**

After the Chapter 11 Cases are closed and the Plan Administrator has completed all of the tasks necessary in order to fully and completely wind down, dissolve and/or terminate the Debtors and to otherwise comply with its obligations under the terms of the Combined Disclosure Statement and Plan, the Plan Administrator shall have fully completed its duties under the Combined Disclosure Statement and Plan and thereby shall be fully released and discharged of its duties and obligations to carry out the terms of the Combined Disclosure Statement and Plan.

W.    **Compromise of Controversies**

Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution and other benefits provided under the Combined Disclosure Statement and Plan, the provisions of this Combined Disclosure Statement and Plan shall constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Combined Disclosure Statement and Plan and in these Chapter 11 Cases. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Combined Disclosure Statement and Plan and the Chapter 11 Cases, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtors, the Estates and all Holders of Claims and Equity Interests against the Debtors.

**X.**     **Request for Expedited Determination of Taxes**

        The Debtors and the Plan Administrator shall have the right to request an expedited determination under section 505(b) of the Bankruptcy Code with respect to tax returns filed, or to be filed, for any and all taxable periods ending after the Filing Date through the Effective Date.

Dated:  October 30, 2015
       Wilmington, Delaware

Old FOH, Inc. (f/k/a Frederick's of Hollywood, Inc.) (for itself and on behalf of its debtor affiliates)

By: /s/ William Soncini
       William Soncini
       Chief Operating Officer

81

**EXHIBIT A**

**Liquidation Analysis**

**Fredericks' of Hollywood - Hypothetical Liquidation Analysis**
**As of October 30, 2015 ("Confirmation Date")**
*($'000s)*

| | Chapter 11 Plan Analysis | | Hypothetical Chapter 7 Liquidation Analysis | | Notes |
|---|---|---|---|---|---|
| | Low | High | Low | High | |
| **Current Assets:** | | | | | |
| Cash and Cash Equivalents as of 9/5/15 | $ 2,356 | $ 2,356 | $ 2,356 | $ 2,356 | A |
| Anticipated Activity (excluding Professional Fees) through 10/31/15 | (702) | (657) | (702) | (657) | A |
| Settlement Proceeds | 135 | 180 | 50 | 150 | B |
| Misc. Refunds/Receipts | 80 | 95 | 80 | 95 | |
| Deposits- Credit Cards | 1,020 | 1,140 | 1,020 | 1,140 | C |
| **Total Current Assets** | 2,889 | 3,114 | 2,804 | 3,084 | |
| Discounted Cash Flow from Future Revenue Share | N/A | N/A | N/A | N/A | D |
| Other Assets Including Causes of Action | N/A | N/A | 1,000 | 1,250 | E |
| **TOTAL NET ASSETS** | $ 2,889 | $ 3,114 | $ 3,804 | $ 4,334 | |
| **LIABILITIES** | | | | | |
| Estimated Chapter 7 Windown & Professional ($25k to $30k/mo for 6 months) | N/A | N/A | 180 | 150 | |
| Chapter 7 Trustee Fees (estimated) | N/A | N/A | 200 | 100 | |
| **Available after Chapter 7 Fees** | 2,889 | 3,114 | 3,424 | 4,084 | |
| Secured Claim - Front Street | N/A | N/A | 19,127 | 19,127 | F |
| Chapter 11 Administrative Claims - Non-Professional (includes 503b9) | 361 | 201 | 361 | 201 | G |
| Chapter 11 Administrative Claims - Professional Fees through June (unpaid) | 980 | 980 | 980 | 980 | H |
| Secured Claims | 305 | 145 | 305 | 145 | G |
| Priority Claims | 292 | 203 | 292 | 203 | G |
| Potential Settlement of Unliquidated Claims | 75 | 50 | 75 | 50 | I |
| Plan Administrator | 125 | 50 | - | 50 | |
| U.S. Trustee Fees | 53 | 150 | - | - | J |
| Estimated Administrative Professional fee Windown costs for period July 1 through Confirmation. | 645 | 845 | 600 | 500 | H |
| **Cash Available for General Unsecured** | 54 | 488 | (18,316) | (17,122) | |
| Estimated General Unsecured Claims | 25,500 | 22,500 | 26,500 | 23,750 | K |
| | 0.2% | 2.2% | -69.1% | -72.1% | |

**Fredericks' of Hollywood - Hypothetical Liquidation Analysis**
**As of October 30, 2015 ("Confirmation Date")**
*($'000s)*

**NOTES:** All amounts are estimated; due to the speculative nature of a liquidation, actual costs may vary.

A) Beginning cash based on actual ending cash as of 9/5/15 of $2,400 adjusted for anticipated net cash outflows, excluding final professional fee payments, through 10/31/15 per Debtors. See Note H for estimated professional fee payments through October 2015 (end of budget period).

B) Proceeds from Sale of litigation claims and other settlements based on offers in hand at full value, (High Scenario), and 75% of total offer (Low Scenario).

C) Reflected credit card deposits with a gross recovery of $1,200, discounted at a recovery of 95% (High Scenario) and 85% (Low Scenario).

D) The Debtors and Committee believe that the net value of the revenue sharing agreement is too speculative in nature to value at present. Therefore, for the purposes of this analysis, no value is currently being ascribed to this asset.

E) Based on initial BDO preference calculation reflecting a gross recovery of, at best, 17.6% on total population of $13,900. Total gross recovery discounted by approximately 50-60% to account for costs to pursue preferences and settlement recovery range.

F) Under the Chapter 11 Plan, Front Street will not share in the recovery on current assets but will be the beneficiary of the revenue sharing agreement. Under a Chapter 7 Liquidation, the Settlement Agreement between the Secured Lender and the Unsecured Creditors Committee will no longer be in effect, resulting in the Secured Lender exercising its rights.

G) Based on KCC claims register as of 9/23/2015. Reconciliation for the Post-Petition Administrative payments has yet to be completed. Amounts are subject to change.

H) Administrative Costs- Professionals and Winddown costs are based on professional fees outstanding based on actual fee applications/invoices filed through June 2015, inclusive of prior holdbacks, and estimated go forward professional fees through the Confirmation Date. Under a Chapter 7 Liquidation, the remaining Winddown Costs through Confirmation consist of the Debtors budget through September. All balances are subject to change.

I) As of 9/23/2015, the KCC claims register listed 32 Unliquidated claims, five of which are related to SAP liabilities held by four different creditors. The estimated allowed amount of these Unliquidated claims is $50 -$70, based on the best information currently available. Amounts are subject to change.

J) Plan Administrator fees are deemed to reflect a discount, under the Low Scenario, based on the available cash for distribution to Unsecured creditors less than $150.

K) General Unsecured claims (GUC) exclude intercompany claims and has been adjusted to reflect a decrease in the current total GUC claims pool of approximately $30,000. Discounts applied are 25% (High Scenario) and 15% (Low Scenario) . Under a Chapter 7 Liquidation, preference recoveries will increase the total General Unsecured Claims pool. Reconciliation of these claims has not been completed. Amounts are subject to change.

# EXHIBIT B

## Committee Support Letter



September 24, 2015

To:     Unsecured Creditors of Old FOH (f/k/a Frederick's of Hollywood, Inc.), et al.

Re:     Old FOH (f/k/a Frederick's of Hollywood, Inc.), et al. (Case No. 15-10836) (Jointly
        Administered)

        Statement of The Official Committee of Unsecured Creditors in Support of the Combined
        Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors, the
        Official Committee of Unsecured Creditors and Front Street Re (Cayman) Ltd. (the "Chapter
        11 Plan")[1]

Dear Creditor:

We are counsel to the Official Committee of Unsecured Creditors (the "Committee") of Old FOH
(f/k/a Frederick's of Hollywood, Inc.), et al. (collectively, the "Debtors") in their chapter 11 cases
pending before The Honorable Kevin Gross in the United States Bankruptcy Court for the District of
Delaware (the "Bankruptcy Court").  The Committee was appointed on April 28, 2015 by the United
States Trustee for the District of Delaware.

**The Committee, representing the interests of all General Unsecured Creditors of the Debtors,
supports confirmation of the Chapter 11 Plan filed on September 4, 2015.  The Committee
recommends that all Creditors review and vote to accept the Chapter 11 Plan by completing
and returning the enclosed ballot.**

As set forth in the enclosed Confirmation Notice, a copy of the Chapter 11 Plan containing detailed
information regarding the Debtors, their business, the sale of substantially all of their assets, the
history and events of the Chapter 11 Cases, and the proposed distribution to various classes of
Creditors, including General Unsecured Creditors, may be downloaded and/or viewed free of charge
at the following website maintained by Kurtzman Carson Consultants, LLC, the Court-approved
balloting agent (the "Balloting Agent"):   http://www.kccllc.net/fredericks.  In addition, copies of the
Chapter 11 Plan may be obtained at no charge upon request to the Balloting Agent via email at
FOHballots@kccllc.com or via telephone at (888) 733-1437.

The Committee believes that the Chapter 11 Plan – which memorializes a "Global Settlement"
among the Committee, the Debtors, the Debtors' prepetition and postpetition lenders and other
parties – provides for a treatment of your Claim that is fair and equitable.  Specifically, pursuant to
the Global Settlement and following good faith negotiations, FSR (the Debtors' fulcrum prepetition
lender) has agreed to:

        (i)     Contribute $1.8 million of its cash collateral to administer the chapter 11 cases to
                conclusion and therefore allow distributions to be made to Creditors in accordance
                with the priorities of the Bankruptcy Code.  As set forth in the Liquidation Analysis
                (Exhibit A to the Chapter 11 Plan), Holders of Allowed General Unsecured Claims
                are presently projected to receive a distribution of between 0.2% and 2.2% of their
                Allowed Claim Amounts; and

---

[1] Capitalized terms used but not defined herein shall have the meanings given to them in the Chapter 11
Plan.

(ii) Waive and release all Creditors from any and all Avoidance Actions that could otherwise be brought against them, including claims to avoid and recover potentially preferential transfers.

**If the Chapter 11 Plan is not approved, the Global Settlement will be terminated. In that event, the Debtors' Chapter 11 Cases would be converted to Chapter 7, no cash would be made available for creditor distributions, and preference actions against Creditors would likely be pursued for the exclusive benefit of FSR. <u>Accordingly, the Committee strongly urges Creditors to vote to accept the Chapter 11 Plan.</u>**

In exchange for the value to be provided to Creditors under the Global Settlement described above, the Chapter 11 Plan includes certain third party releases for FSR and other Released Parties as fully described in Article XII of the Chapter 11 Plan. In furtherance of its fiduciary duties to General Unsecured Creditors, the Committee previously conducted a fulsome investigation of potential estate claims and causes of action that could be brought against FSR and the other Released Parties, including claims concerning lien avoidance, recharacterization and subordination. **The Committee determined that the potential value of any claims that could be pursued against FSR and the other Released Parties on behalf of the Debtors' estate and other Creditors, after factoring in the costs and risks attendant to such litigation, would not likely exceed (and would most likely fall well short of) the value to be conferred to Creditors under the Global Settlement.**

You should review the Chapter 11 Plan carefully. Enclosed herewith is a ballot and voting instructions. **The voting deadline is 4:00 p.m., prevailing Eastern Time, on October 26, 2015.** Please complete and submit your ballots in accordance with the enclosed instructions so that they are received no later than the voting deadline. Please contact the undersigned with any questions regarding this matter.

Very truly yours,

**COOLEY LLP**
Cathy R. Hershcopf
Seth Van Aalten
(212) 479-6104
svanaalten@cooley.com

*Lead Counsel to the Committee*

**BAYARD**
Justin R. Alberto
(302)429-4226

*Delaware Counsel to the Committee*

**BDO CONSULTING**
David Berliner
Michele Michaelis
(212) 885-8347

*Financial Advisor to the Committee*

## COMMITTEE MEMBERS

Ascension Lingerie & Swimsuit

Longray Intimates LLC

National Corset Supply House

Wonder Form Imports Inc.

GGP Limited Partnership

Montelle Intimates Inc.

Simon Property Group

**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------  x
                                                              :
In re:                                                        :      Chapter 11
                                                              :
OLD FOH, INC. (f/k/a FREDERICK'S OF                           :      Case No. 15-10836 (KG)
HOLLYWOOD, INC.), et al.,[1]                                  :
                                                              :      (Jointly Administered)
                                                              :
                                    Debtors.                  :      Re: Docket No. __
------------------------------------------------------------  x
```

## NOTICE OF (I) ENTRY OF CONFIRMATION ORDER AND (II) EFFECTIVE DATE

**PLEASE TAKE NOTICE** that an order (the "Confirmation Order") of the Honorable

Kevin Gross, United States Bankruptcy Judge for the District of Delaware, confirming and

approving the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by*

*the Debtors, the Official Committee of Unsecured Creditors and Front Street Re (Cayman) Ltd.*

[Docket No. 434] (including all exhibits thereto and as the same may be amended, modified or

supplemented from time to time, the "Combined Disclosure Statement and Plan")[2] was entered

on November __, 2015 [Docket No. __].

**PLEASE TAKE FURTHER NOTICE** that all conditions precedent to the Effective

Date pursuant to Article XIV.A. of the Combined Disclosure Statement and Plan have been

satisfied or waived.   Therefore, today, **November __, 2015**, is the Effective Date of the

Combined Disclosure Statement and Plan.

---

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's taxpayer identification number are as follows: (i) FOHG Holdings, LLC (7902); (ii) FOH Group Inc. (f/k/a Frederick's of Hollywood Group Inc.) (3042); (iii) FOH Holdings, Inc. (5442); (iv) Old FOH, Inc. (f/k/a Frederick's of Hollywood, Inc.) (6265); (v) FOH Stores, Inc. (f/k/a Frederick's of Hollywood Stores, Inc.) (8882); and (vi) Hollywood Mail Order, LLC (5205). The debtors' principal offices are located at 6464 W. Sunset Blvd., Suite 1150, Los Angeles, CA 90028.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Combined Disclosure Statement and Plan.

**PLEASE TAKE FURTHER NOTICE** that the Combined Disclosure Statement and Plan and its provisions are binding on, among others, the Debtors, all Holders of Claims and Equity Interests (irrespective of whether such Claims or Equity Interests are impaired under the Combined Disclosure Statement and Plan or whether the Holders of such Claims or Equity Interests have accepted the Plan), and any and all non-Debtor parties to Executory Contracts and unexpired leases with the Debtors, as provided in the Combined Disclosure Statement and Plan.

**PLEASE TAKE FURTHER NOTICE** that any Holder of a Claim arising from the rejection of an Executory Contract or unexpired lease pursuant to the Combined Disclosure Statement and Plan must submit a proof of Claim on account of such Claim by no later than **November ___, 2015 at 5:00 p.m. (PST)** to the Claims and Balloting Agent at the following address: Frederick's Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245. **Any proofs of Claim not submitted and actually received by the Claims and Balloting Agent by such date will be forever barred from assertion against the Debtors and their Estates.**

**PLEASE TAKE FURTHER NOTICE** that the Administrative Expense Bar Date is **December ___, 2015 at 4:00 p.m. (EST).** Unless otherwise Ordered by the Court, Holders of Administrative Expense Claims (other than the Holders of 503(b)(9) Claims, Professional Claims and the Claims of Governmental Units arising under section 503(b)(1)(B), (C) or (D) of the Bankruptcy Code) that do not file requests for the allowance and payment thereof on or before the Administrative Expense Bar Date shall forever be barred from asserting such Administrative Expense Claims against the Debtors and their Estates.

2

**PLEASE TAKE FURTHER NOTICE** that all requests for compensation or reimbursement of Professionals retained in these Chapter 11 Cases for services performed and expenses incurred prior to the Effective Date shall be filed and served on (a) the Debtors' counsel, (i) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE 19801, Attn: Russell C. Silberglied and Zachary I. Shapiro and (ii) Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Tyson M. Lomazow and Matthew Brod, (b) counsel to the Committee, Cooley LLP, 1114 Avenue of the Americas, New York, NY 10036, Attn:  Seth Van Aalten, (c) counsel to FSR, Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, New Jersey 07923 Attn:  Robert K. Malone and Howard A. Cohen, and (d) the United States Trustee, 844 King Street, Suite 2207, Lockbox #35, Wilmington, DE 19801, Attn: Juliet M. Sarkessian and Hannah M. McCollum, and such other entities who are designated by the Bankruptcy Rules, the Confirmation Order, or other Order of the Court, by no later than **December __, 2015 at 4:00 p.m. (EST)**, unless otherwise agreed by the Debtors.

**PLEASE TAKER FURTHER NOTICE** that, after the Effective Date, all notices previously provided to the Debtors shall be addressed to the Plan Administrator at the following address: 71 Homochitto Street, Natchez, MS 39120.

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order and the Combined Disclosure Statement and Plan may be obtained and/or are available for review without charge at the website of the Claims and Balloting Agent,

3

http://www.kccllc.net/fredericks, or by contacting the Claims and Balloting Agent via email

(fredericksinfo@kccllc.com) or telephone ((888) 833-1437).

Wilmington, Delaware
Dated:  November __, 2015

Respectfully submitted,

**RICHARDS, LAYTON & FINGER, P.A.**

/s/_____

Russell C. Silberglied (No. 3462)
Zachary I. Shapiro (No. 5103)
Joseph C. Barsalona II (No. 6102)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:          silberglied@rlf.com
                shapiro@rlf.com
                barsalona@rlf.com

-and-

**MILBANK, TWEED, HADLEY & McCLOY LLP**

Tyson M. Lomazow (admitted *pro hac vice*)
Matthew Brod (admitted *pro hac vice*)
28 Liberty Street
New York, NY 10005
Telephone:     (212) 530-5000
Facsimile:     (212) 530-5219
Email:          tlomazow@milbank.com
                mbrod@milbank.com

4